GALCERAN *vs.* NOBLE, JR., *et al.*

|    |     |
|----|-----|
| 66 | 367 |
| 92 | 94  |
| 66 | 367 |
| 99 | 176 |
| 66 | 367 |
| 123| 357 |

1. For the refusal of the court below to suppress interrogatories because of want of proper execution to be a good ground for reversal, it must appear that the objection was made in writing and notice given to the opposite party before the case was submitted to the jury.

2. Statements of an agent *dum fervet opus,* are admissible against his principal.

3. Parol testimony was admissible to show that an indorsement of a

note was made simply to pass title and not to create liability, in a suit by a plaintiff who took the note after dishonor.

4. That the court added to his written charge, by request of plaintiff's counsel, is no ground for exception by him.

5. The verdict is supported by the evidence.

Practice in the Superior Court. Interrogatories. Evidence. Promissory notes. Indorsement. Before Judge UNDERWOOD. Floyd Superior Court. September Adjourned Term, 1880.

To the report contained in the decision, it is only necessary to add, in connection with the second division of the decision, that Noble was allowed to testify to statements made by the agent of the plaintiff in connection with the making of the note sued on, to the effect that he desired the trade of Payne, Graves & Co., and would take Noble's note in payment for purchases made by them, and would look to him for payment.

W. D. ELAM, by brief, for plaintiff in error.

J. BRANHAM, for defendants.

SPEER, Justice.

M. P. Galceran brought suit against the defendants in a justice court, on a note made by James Noble, Jr., as maker, and Payne, Graves & Co., as indorsers; note dated 31st November, 1865, and due one day after date, payable to Payne, Graves & Co., or order. An appeal was taken to the superior court. The defendants, Payne, Graves & Co., denied the indorsement, and if made, alleged it was made in blank, and was only for collection, and not to make themselves liable as indorsers. On the trial of the cause on the appeal, the jury, under the charge of the court and evidence submitted, found for the defendants, the indorsers; whereupon the plaintiff made a motion for a new trial in said case, upon the following grounds:

(1). Because the court erred in overruling the motion of plaintiff to exclude from the jury all of the answer of James Noble to the third direct interrogatory.

(2). For not excluding the answers to all the interrogatories of Noble, because he refused to answer the fourth cross-interrogatory.

(3). Because the court erred in charging the jury, " the defendants claim the indorsement was made only to pass the title to the paper which may be shown by verbal proof."

(4). Because the court, being requested to give his charge in writing, read several sections of the Code to the jury, and the parts so read are not mentioned in his charge.

(5). Because the verdict is contrary to law and charge of the court.

(6). Because the court erred in not excluding the answers of Lewis E. Graves, one of the defendants, on the ground that the cross interrogatories were not fully answered.

The motion for a new trial was overruled on all the grounds taken, and plaintiff excepted.

1. It does not appear in this record when the objection to these interrogatories was made by plaintiff, or at what stage of the trial, as to their not having been fully answered. This appeal to the superior court seems to have been entered to January term, 1872, and was there pending until December, 1880. The objection to Graves' interrogatories for not being fully answered, was filed in writing the 20th of January, 1874. So, also, the objection to Noble's interrogatories, on the ground that he had not answered the fourth cross-interrogatory, was filed in writing the 3d of March, 1880. Code, §3892 requires: " that all exceptions to the execution and return of commissions must be made in writing, and notice thereof given to the opposite party before the case has been submitted to the jury—provided the same have been in the clerk's office for twenty-four hours prior to the trial." It does not appear from this record that the notice of these written objections was given to the opposite party before the cause

was submitted to the jury; and if for this cause the objections were disallowed, then there was no error in the ruling of the court. He who alleges error in the ruling must show all that is requisite to establish the error—the presumption being in favor of the ruling. In the absence of the notice, the court must presume the objections to the execution of these interrogatories as to their not being answered fully was overruled (as was stated in the argument) because there was no notice given of them, as the law requires, before the case was submitted to the jury. We find then no error of the court for this cause, as set forth in the 2d and 6th grounds of the motion.

2. We see no error, as taken in the first ground of the motion, in the court allowing the answer of Noble to the third direct interrogatory. It was a conversation between the witness and agent of plaintiff, had with the witness to procure the note sued on.

3. The third ground in the motion is, that the court erred in charging the jury, "that the defendants claim the indorsement was made only to pass the title to the paper, which may be shown by parol." §3808 of the Code provides, "blank indorsements of negotiable paper may always be explained between the parties themselves or those taking with notice of dishonor, or of the actual facts of such indorsement," etc. That this note was indorsed originally in blank by Payne, Graves & Co., is evident to us from an inspection of the original forwarded to this court in the record. The words inserted above the name of "Payne, Graves & Co.," are evidently written in a different handwriting, with different ink, and a different time from the name of Payne, Graves & Co. The note is dated the 21st of November, 1865, and due one day after date; the words above the indorsement, "Rome, Ga., 30th November, 1865, pay to L. C. Galceran, or order, for value received," show that it was made after the note was dishonored, and we think it was competent for the indorsers to show as against this plaintiff, he taking it after dishonor, "the actual facts of the indorsement."

4. The fourth ground of the motion is, when the court was requested to deliver his charge in writing, " he read to the jury several sections of the Code, which were not embraced in his charge.". The judge, in explanation of this alleged ground of error, excepts it from his approval, and says : " The plaintiff's counsel read to the jury §§2777, 2778, and 2780 of the Code of 1873, and at his request they were given in charge to the jury, by reading them from the Code without comment ; the whole of the charge was in wiiting, and nothing more was given." If, as the judge certifies, after the request to deliver his charge in writing, the counsel for plaintiff requested the sections read to the jury, it was at his own invitation, and, in our opinion, is no ground for error.

5. As to the fifth ground, that the verdict is contrary to evidence, to law and charge of the court, we think the verdict is fully sustained by the evidence, and in conformity both to the law and charge as given.

Let the judgment of the court below be affirmed.