## GENESER v. WISSNER.

1. **Promissory Note:** BLANK INDORSEMENT: PAROL EVIDENCE TO EXPLAIN. Where there is a blank indorsement of a promissory note, it is competent to establish by parol a *different* contract from that which in such case is implied by law; (*Harrison v. McKim,* 18 Iowa, 485;) but it is not competent thus to prove that no obligation or contract of any description was entered into or intended by the blank indorsement of the note.

*Appeal from Polk Circuit Court.*

TUESDAY, JUNE 15.

ACTION on a promissory note. Trial by jury. Judgment for the defendant, and plaintiff appeals.

*Berryhill & Henry,* for appellant.

*Barcroft & Bowen,* for appellee.

SEEVERS, J.—This action was brought on a promissory note executed by Cromwell, and payable to the order of G. Baldeschweiler, and it was indorsed as follows:

"Demand, notice and protest waived.

"GOTTLEIB BALDESCHWEILER.
"JOHN WISSNER."

The defendant pleaded that "the plaintiff asked defendant to sign his name on the back of said note with the said Gottlieb, for the purpose, as the plaintiff then stated and represented to this defendant, of identifying the said Gottlieb, and this defendant did thereupon sign his name on the back of said note for said purpose, and for no other purpose whatever." Evidence was introduced by the defendant, against the objections of the plaintiff, tending to establish the defense pleaded.

We are required to determine whether the court erred in admitting such evidence. By agreement of counsel the orig-

inal note is before us, and counsel for the appellee insist that the words and names written on the back of the note are so written thereon as to sustain the theory of the defense; but we are unable to see that the indorsement on the note, as a whole, has any significance whatever. The indorsement, to our minds, clearly is an indorsement in blank, waiving demand, notice and protest.

In the absence of any evidence other than the note and indorsement, it is well settled by authority that the holder may write over the indorser's name words importing the absolute liability of the indorser to pay the holder the amount of money named in the note. There is, however, a serious conflict of authority as to the question whether it is competent to establish by parol, when there is a blank indorsement of a promissory note, a different contract from that which in such case is implied by law. We deem it unnecessary to refer to the adjudged cases, or to determine with accuracy which theory is supported by the weight of authority, for the reason that this court has adopted the theory that parol evidence is admissible for the purpose above stated. *Harrison v. McKim*, 18 Iowa, 485. In that case the defendant was allowed to prove by parol that the contract between the parties was that the plaintiff agreed to take the note without recourse on the indorser. The effect of this evidence was to relieve the indorser from responsibility as a party to the note, but by the act of indorsement the indorser asserts that the prior signatures are genuine; that the note is valid between the original parties; that such parties are competent to contract; and that his title is perfect; and he is liable to the holder if the foregoing matters are not as represented and implied by law from the indorsement. 1 Daniel, Neg. Inst., §§ 670--675, inclusive. It will be seen, therefore, that in the cited case a valuable contract existed, and was established by the parol evidence between the holder and indorser.

In the case at bar, however, the theory of the defendant's defense is that no contract whatever was entered into when

the defendant wrote his name on the note. No adjudged case to which our attention has been called goes so far as this. It has been held that a different contract than that imported by law may be shown by parol, and this we think is the extent of the doctrine. We are asked to go a step further, and hold that it may be shown by parol that no contract of any description was entered into or intended by the blank indorsement of the note. This we are not prepared to do. The indorsement was in writing, and clearly, of necessity, we think, must import some kind of a contract, and, in the absence of any other showing, it must be the contract conclusively implied by law, about which there is neither doubt nor uncertainty. The effect of the oral evidence was to obliterate a written contract. It was not proposed to prove a different contract, but that none had been entered into. This, in our opinion, cannot be done, and therefore the court erred in the admission of the evidence above referred to.

REVERSED.