Hillenbrand *et al. v.* Stockman *et al.*

---

No. 14,229.

## HILLENBRAND ET AL. *v.* STOCKMAN ET AL.

SALE.—*Warranty.—Breach.—Fraud.—Rescission of Contract.*—In case of a breach of warranty, or fraud in the sale of property, the purchaser may recover damages without rescinding the contract. The purchaser may also set up the fraud, or breach of warranty, as a defence to an action for purchase-money.

PLEADING.—*Demurrer.—General Denial.*—It is not error to sustain a demurrer to the several paragraphs of reply where the defences pleaded therein may be pleaded under the general denial, which is also pleaded.

From the Ripley Circuit Court.

*C. K. Bagot* and *J. B. Loyd,* for appellants.

OLDS, J.—This was an action by the appellants against the appellees. The complaint is in four paragraphs. Some of the paragraphs are to recover the sum of $70 due for a clover-huller and attachments sold and delivered by appellants to appellees. Other paragraphs allege a contract of sale by the appellants to the appellees of a clover-huller and attachments at and for the price of $70, to be paid for in staves to be delivered by appellees to appellants at an agreed price, and allege a failure and refusal to deliver the staves.

Appellees answer in seven paragraphs. The greater number of the paragraphs allege a warranty by the appellants of the machinery sold, and a breach of the warranty, and ask damage for the breach of warranty. Other paragraphs allege fraud in the sale; that the appellees were induced to purchase the clover-huller and attachments by reason of certain false and fraudulent representations as to the character of the machinery and the kind of work it would do, which representations were false, and known to be false by appellants at the time of making them, and were made to induce the appellees to purchase the same ; that appellees relied upon the representations, and were thereby induced to purchase the same without a trial of the machinery. The paragraphs further allege the worthless character of the machinery, and damages sustained, and ask that the damages thus sustained may be deducted from any amount found due the plaintiff.

The appellants filed a demurrer to these paragraphs of answer, which was overruled, and the ruling is assigned as error.

It is contended that these paragraphs are bad, for the reason that they do not allege an offer to rescind the contract and a tender of the property back to the appellants. In case of a breach of warranty or fraud in the sale of property the purchaser may recover damage without rescinding the contract. *Hunt* v. *Blanton*, 89 Ind. 38 ; *Love* v. *Oldham*, 22 Ind. 51.

The purchaser may also set up the fraud or breach of warranty as a defence to the action.

There was no error in overruling the demurrer to the several paragraphs of answer.

The appellants filed a reply in eighteen paragraphs, the first being a general denial, and appellees demurred to each paragraph, and the court sustained the demurrer to all except the first, and the ruling in sustaining the demurrer to the several paragraphs of reply is assigned as error.

It is unnecessary to set out these several paragraphs. All the defences to the facts pleaded in the several paragraphs of answer that were properly pleaded in the paragraphs of reply could be made under the general denial, and there was no error in sustaining the demurrer to the several paragraphs of reply.

Judgment affirmed, with costs.

Filed May 16, 1890.