No. 27.

REGENSBURG v. NOTESTINE.

PROMISSORY NOTE.—*Action on.*—*Pleading.*—*Fraud as Defence.*—*Retention of Consideration.*—In an action on a note given for property purchased of the payee, an answer alleging that the note was procured by means of fraudulent representations concerning the property, but without alleging a return of the property, where it is of some value, does not constitute a good defence.

From the Allen Circuit Court.

*P. A. Randall* and *W. J. Vesey,* for appellant.
*R. C. Bell* and *S. L. Morris,* for appellee.

NEW, C. J.—On the 5th of December, 1885, the appellee executed his note at fourteen months for two hundred dollars to Benjamin Casebeer, or bearer, payable at the Hamilton National Bank at Fort Wayne, Indiana. After several transfers by endorsement, it was finally, before maturity, assigned by endorsement to the appellant, who brought suit thereon against the appellee.

An answer in four paragraphs was filed to the complaint, and demurrers to each of said paragraphs overruled. This ruling of the court is assigned as error.

The first paragraph of the answer admits the execution of the note, but says that the payee was the owner of Bohemian oats, and desired to sell him twenty bushels thereof at $10 per bushel; that to induce him to purchase the payee said to him that he had handled and sold said oats, was well acquainted with and knew the character, quality, productiveness and special value of the same, and then stated and falsely represented to him that said oats would yield from forty to fifty bushels per acre, were superior in substance and in firmness to other oats, and better for feeding purposes, and richer in quality, and were specially valuable for making oat meal and for brewing purposes; that said oats had a market value of $2 per bushel, and that one bushel was worth three of

VOL. 2.—7

common oats; that all of said representations were false, and so known to be by said payee, at the time of making the same; that defendant was ignorant of the quality of said oats, as represented, and had not the means of ascertaining the falsity of the representations; that he relied on the truth of said representations, and believing them to be true, and in consideration of their truth, purchased from the payee twenty bushels of said oats for the price of $10 per bushel, and executed therefor the note sued on; that said representations were false in this, that said oats only yielded twelve bushels per acre, and were and are utterly unfit for feeding purposes, for making oat meal and brewing purposes, and had not then, or now, any market value for such purposes, and no value at all for said purposes, and are in every way inferior to common oats, and by reason thereof have been wholly lost to the defendant, except said twenty bushels which were then, and are now, of the value of $2, for which, with costs, he offers to confess judgment, and the consideration of said note has wholly failed; that the plaintiff and the several assignors bought said note with knowledge of its fraudulent procurement.

The other paragraphs of the answer, although differing somewhat from the first, need not be recited, in view of the conclusion we have reached as to the overruling of the demurrers.

Fraud, and not want or failure of consideration, is the theory of each paragraph of the answer, and although some of the representations stated are not in law deemed to be fraudulent, still, enough remains in each to constitute a sufficient charge of procurement of the execution of the note sued on by fraud.

We are of the opinion, however, that the material facts as pleaded do not constitute a direct defence to the note sued on—that is to say, do not defeat or destroy the contract itself as a cause of action.

The first, second and third paragraphs of the answer are clearly bad.

It can not be learned from them whether the appellee still has the identical oats purchased by him or not. Conceding that the note was procured by fraud, the appellee can not rely upon the fraud to defeat the note, and at the same time retain the benefits derived from it. *Heaton* v. *Knowlton*, 53 Ind. 357; *Higham* v. *Harris*, 108 Ind. 246; *Cates* v. *Bales*, 78 Ind. 285; *Lafayette, etc., Works* v. *Phillips*, 47 Ind. 259.

A contract or other transaction, induced or tainted by fraud, is not void, but only voidable, at the election of the party defrauded.

If he wants to avoid the contract itself entirely, as a contract or cause of action, he must, when he discovers the fraud, rescind the contract by returning, or offering to return, the thing purchased, if it have any value. If he does not do this he affirms the contract. He can not treat it as good in part and void in part; he must affirm or avoid it as a whole. *Worley* v. *Moore*, 97 Ind. 15; *Himes* v. *Langley*, 85 Ind. 77; *Ashmead* v. *Hurt*, 125 Ind. 566.

If he does not tender a return of the property purchased, where it is of some value, his remedy, if he has been damaged by the fraud, is to sue for the fraud, or when sued on the contract defend by way of counter-claim. And if the injury sustained by him in consequence of the fraud be equal to or greater than the amount of the purchase-money unpaid, he will defeat the action—having judgment for the excess if the injury be greater—while if the injury be less it will go in reduction of the plaintiff's claim. *Hauck* v. *Grautham*, 22 Ind. 53; *Hillenbrand* v. *Stockman*, 123 Ind. 598.

In the fourth paragraph of the answer it is alleged that the oats for which the note was given have been sown, and therefore can not be returned. It is not shown when they were sown, whether before or after he discovered the fraud.

We think, therefore, what we have said about the first,

second and third paragraphs of the answer will apply to the fourth as now framed.

Judgment reversed, with costs, with instructions to sustain the demurrers to each paragraph of the answer.

Filed March 31, 1891; petition for a rehearing overruled June 23, 1891.