THE RICHMOND & DANVILLE RAILROAD CO. *v.* LEATHERS.

1. It not affirmatively appearing that the objections made to the execution of the interrogatories were presented to the court in due time or at what time, no error is apparent in refusing to exclude the answers as evidence.

2. Construing the charge of the court fairly and taking all its terms together, the jury were sufficiently informed that in order to recover the plaintiff would have to prove that he was injured as alleged in his declaration; and there was no assumption by the court that any injury was in fact sustained.

3. The evidence warranted the verdict, both as to the right to recover and amount.

May 15, 1893.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. June term, 1892.

Leathers sued the railroad company for injuries sustained by him from a negligent collision of defendant's trains on one of which he was a passenger. He obtained a verdict, and defendant's motion for a new trial was overruled. The grounds of the motion were:

1. The court erred in admitting, over the written ob-

jection of defendant, the interrogatories introduced by plaintiff.—This ground does not state what objection was made. It appears from the brief of evidence that the plaintiff introduced several sets of interrogatories of persons other than himself. Another ground of the motion, on the subject of interrogatories, is quoted in the first part of the opinion.

2. The court erred in failing to charge the jury with reference to. the theory of the defendant, that if plaintiff was uninjured in any respect at the time when the alleged accident happened, he could not recover. To this ground movant attaches a copy of the charge of the court in full, and asks that it be incorporated in and made a part of this motion for a new trial.

3. The verdict is contrary to law and evidence, and is excessive.—The amount found was $3,000. The injuries were internal; and there was testimony that they were severe and likely to be permanent, and had totally disabled the plaintiff (who was a farmer) from doing work.

JACKSON, LEFTWICH & BLACK and EMMETT WOMACK, for plaintiff in error. THOMAS W. LATHAM, *contra.*

BLECKLEY, Chief Justice.

1. It is not affirmatively stated in the bill of exceptions, in the motion for a new trial, or elsewhere, that the written objections made to the execution of the interrogatories were presented to the court before the trial, or during the trial, or at what time, or what the objections were. It may be that the attention of the court was not called to the written objections at all, or it may have been done too late. See *Galceran* v. *Noble*, 66 *Ga.* 367; *Roberts* v. *Crowley*, 81 *Ga.* 429. As. to the ground in the motion for a new trial which complains that "the court erred in not ruling out interrogatories of plaintiff that were shown by plaintiff's own testimony to have

been executed at plaintiff's residence in presence of plaintiff's family and of each other," it nowhere appears that the court was requested to rule out these interrogatories, and neither the motion nor the bill of exceptions states or recites what the plaintiff's testimony touching their execution was.

2. As the action was based on an alleged personal injury and nothing else, the jury could not have failed to understand that if he was wholly uninjured, he could not recover. Surely it was not necessary for the court to tell them so expressly, in order to prevent the jury from awarding damages to the plaintiff for being injured if he had received no injury whatever. From the charge of the court as given, taking it as a whole and construing it fairly, it would be a most remarkable jury that would not be sufficiently informed by it that the plaintiff would have to prove he was injured as alleged in his declaration, in order to recover. There was no assumption by the court that any injury was in fact sustained.

3. Both as to the right and the amount, the evidence warranted the verdict.　　　*Judgment affirmed.*