(77 N. W. Rep. 280.)

---

### FRANK H. DICKINSON vs. ANDREW H. BURKE, et al.

Opinion filed November 18, 1898.

**Parole Evidence—Checks—Indorsement.**

> To an action upon an indorsement by an indorsee of a check against his immediate indorser, it is a good defense to establish that the indorsement was made pursuant to a prior agreement, under the terms of which the indorser was freed from, and the indorsee assumed, all liability thereon, and that the indorsement was for the sole purpose of transferring title thereto to the indorsee, to enable him to collect it. *Held*, that parol evidence is admissible to prove such agreement. *Held*, further, that the effect of the admission of such testimony is not to alter or vary the written contract of indorsement, but to establish facts to defeat the enforcement of liability thereunder. *Held*, motion for new trial properly overruled.

Appeal from District Court, Cass County; *Pollock*, J.

Action by Frank H. Dickinson against Andrew H. Burke and James Moug. There was a verdict for defendant Moug, and plaintiff appeals from an order denying a new trial.

Affirmed.

*William J. Clapp,* for appellant.

*Benton & Bradley,* for respondents.

YOUNG, J. This action was tried to a jury. Defendant Moug had a verdict. Plaintiff made a motion for a new trial, which was overruled by the lower court, and he now appeals from that order, asking in this Court a review of the errors specified as the basis of that motion. Andrew H. Burke, out of whose financial reverses this action grows, is joined as co-defendant, but makes no answer or appearance. The facts are sufficiently shown by an abridgement of the pleadings. Plaintiff alleges that on October 8, 1896, Andrew H. Burke drew his check for $405.70 upon the Marine National Bank of Duluth, payable to defendant Moug; that said Moug thereafter, and for value, indorsed and transferred said check to the plaintiff; that the same was presented, and not paid, and was duly protested. The defendant Moug, answering, admits all of these allegations, except that portion stating that the transfer of the check and indorsement thereof was for value. On the contrary, he specific-

ally denies that his indorsement was for value, and alleges that it was made for plaintiff's accommodation, and in pursuance of a prior agreement relative thereto; that this check upon which he is sued as indorser represents the proceeds of a car of defendant's grain shipped to Andrew H. Burke, then a grain commission merchant at Duluth; that such shipment was made through this plaintiff, who was then Burke's agent for soliciting shipments, not merely upon plaintiff's solicitation, but in reliance upon plaintiff's express agreement then made that he would guaranty defendant against loss in case of Burke's failure; further, that he would take the check, to be returned by Burke, as his own property, and assume the entire responsibility of its collection, and give defendant his own personal check in lieu thereof, releasing defendant from all liability thereon; further, that defendant's indorsement thereof should be merely for the purpose of transferring the title. The case was submitted to the jury upon the foregoing issues, under instructions which are not complained of, resulting in a verdict for defendant.

Appellant predicates error upon the Court's ruling in permitting defendant Moug to answer the following question over his objection: "Q. Did Mr. Dickinson state at that time the amount or about how much money he kept on hand belonging to Burke?" Also in sustaining defendant's objection to this question, asked of plaintiff: "Q. Is it the habit of farmers to come to you and have their checks cashed?" In these rulings we find no error. The answer to the first question would tend to show the financial relation then existing between plaintiff and Burke, his principal, and furnish a strong reason for or against plaintiff's alleged promise to protect defendant against loss from his shipments of grain. The last question, if answered in the negative, plainly could not avail plaintiff, and, if answered in the affirmative, would not militate in his favor, for a custom of cashing checks for farmers, even if it prevailed, would not affect or destroy the particular agreement upon which defendant relies relative to the check in question. An examination of the record satisfies us that the allegations of the answer have sustantial suport in the evidence. We must, however, in view of the objections hereafter noted, determine whether such facts constitute a defense. Plaintiff says not. To support this view, he relies upon the fact that the indorsement is a written contract, and then invokes the familiar rule that parol evidence is inadmissible to vary, contradict, or explain an agreement which has been reduced to writing, and cites numerous authorities in support thereof, including the decisions of this Court which have upheld the rule in all of its integrity. It should be observed, however, that these decisions go to the admissibility of parol testimony, and not to its effect when admitted. The record shows that all of the evidence in support of defendant's answer came in without objection. Upon the question of its admissibility, therefore, the plaintiff is concluded. Nevertheless, had the objection on that ground been made at the proper time, it should not have been sustained. The defendant does not seek

to alter, vary, or contradict his written contract of indorsement by this oral testimony. His answer specifically admits the indorsement. He merely seeks thereby to establish a state of facts which will defeat the enforcement of his liability thereunder. This he had a right to do. See Daniel, Neg. Inst. § § 720a, 721, 722. Justice Starrett, in *Breneman* v. *Furniss,* 90 Pa. St. 186, uses this language: "The defendant in the court below contended that he permitted the use of his name as payee, and indorsed the check in suit at the request of and as a matter of accommodation to the plaintiff, not only without consideration, but upon the express promise and agreement that he should incur no liability by reason of his indorsement. It was competent, as between the immediate parties to the transaction, to prove these allegations. An attempt on the part of the plaintiff to enforce payment of the check under these circumstances was making such an improper use of it as would justify proof of the agreement under which it is alleged the indorsement was procured." To the same effect in *Chaddock* v. *Vanness,* 35 N. J. Law, 517; *Hill* v. *Ely,* 5 Serg. & R. 363; also, *Dale* v. *Gear,* 38 Conn. 15, wherein Butler, C. J., after enumerating the four classes of cases wherein, "as between the original parties indorser and indoree, any relation, entecedent agreement, or state of facts from which a controlling equity arises may be pleaded and proved by parol," uses this language: "Fourthly, it may be shown that there was an equity arising from an antecedent transaction, including an agreement that the note should be taken in sole reliance on the rsponsibility of the maker, and that it was indorsed in order to transfer the title in pursuance of such agreement, and that the attempt to enforce it is a fraud;" citing *Downer* v. *Chesebrough,* 36 Conn. 39. See, also, *Hamburger* v. *Miller,* 48 Md. 317; *Ross* v. *Espy,* 66 Pa. St. 481; *Lovejoy* v. *Bank,* 23 Kan. 233; *Galceran* v. *Noble,* 66 Ga. 367; *Smith* v. *Carter,* 25 Wis. 283; *Babcock* v. *Deford,* 14 Kan. 313; *Martin* v. *Marshall* (Vt.) 13 Atl. Rep. 420; *Geneser* v. *Wissner* (Iowa) 28 N. W. Rep. 471; *Harrison* v. *McKim,* 18 Iowa 485.

Appellant, however, insists that even though the parol agreement was as alleged by the defendant, yet it was blotted out and superseded by the subsequent written indorsement. The wholesome doctrine thus urged, which is found embodied in the Revised Codes (section 3888), is not applicable to the facts as they exist in this case. There is no controversy as to the contract of indorsement. It is complete in itself, and admitted. The dispute is as to the alleged agreement preceding the shipment. It would, indeed, be a gross perversion of the doctrine relied upon to make it a means of destroying their prior contract, which the evidence shows was performed fully on the part of the defendant, and was entirely separate and distinct from the subsequent indorsement. The jury evidently found the defendant's version of the transaction to be true, namely, that plaintiff agreed, as an inducement for defendant to ship the grain, that he would hold him harmless, and that he would take Burke's checks, assuming all liability himself; further, that the

indorsement of the check was a mere incident in the fulfillment of his prior promise, and made only to transfer the title of the check to plaintiff, to enable him to transmit and collect it in the usual way. The evidence sufficiently supports that view. Finding no error, the order of the lower Court overruling the motion for a new trial is affirmed. All concur.