### SEBRING *v.* HAZARD.

1. BILLS AND NOTES—CONSIDERATION—LIFE-INSURANCE PREMIUM —PAROL EVIDENCE.

    In an action on a promissory note given for the premium on a life-insurance policy, evidence that defendant was induced to accept the policy and give the note by the representation of the agent that he had secured certain work for defendant, which representation was untrue, is not inadmissible as tending to contradict the terms of the note.

2. SAME—PARTIAL FAILURE OF CONSIDERATION.

    In such case, however, defendant having retained the policy, and had the benefit thereof, a judgment in his favor as for a total failure of consideration cannot be sustained.

Error to Kalamazoo; Adams, J. Submitted May 7, 1901. Decided October 1, 1901.

*Assumpsit* by Theron Y. Sebring against Charles H. Hazard on a promissory note. From a judgment for defendant, plaintiff brings error. Reversed.

*Frost & Jackson*, for appellant.

*George P. Hopkins*, for appellee.

MONTGOMERY, C. J. The defendant and one James McDougal were engaged in the business of roofing. The

plaintiff was the agent for the National Life Insurance Company. In October, 1898, the plaintiff delivered to the defendant a binding receipt, and, later on, a policy, in the sum of $1,000, in said company. At the time of the delivery of the policy, a promissory note for the amount of the premium was given. This note matured, and was not paid, and on March 1, 1899, was renewed by the giving of the note in suit, the amount of which is $31.10. This action is brought upon this note. The defense interposed is that, at the time of the execution of this note, the plaintiff's brother was engaged in erecting a brick building, and that the note was given upon the assurance of the plaintiff that he had secured for the defendant and his partner the job of putting on the roof. The jury, under the instructions of the court, evidently accepted defendant's version of the transaction as true, and returned a verdict for the defendant. The plaintiff brings error.

It appears to be conceded by defendant's counsel that it would not be competent to contradict the terms of the note by showing a promissory agreement that the plaintiff would secure the job of roofing for the defendant, or that the note was to be paid out of the proceeds of such contract; but the contention of defendant's counsel on the trial was that the plaintiff's misrepresentations related to an existing fact, and amounted to a fraud on the defendant and his partner. If the fact was that the plaintiff, as an inducement to the taking of this policy of insurance, represented to the defendant and his partner that he had secured for them the job of roofing, we see no reason why this is not competent, nor do we discover in what way it contradicts the terms of a written instrument.

The court instructed the jury as follows:

"You are instructed that the delivery of the policy of insurance by the plaintiff in this case to the defendant might constitute a sufficient consideration for the giving of the note in question. That is, if there was nothing else in this case but the question of whether the policy of

insurance was delivered, and the note given therefor, then, under those circumstances, the policy of insurance would be a valid consideration for the note in question. Defendant claims that the policy of insurance which is in evidence in this case was not the real consideration for the note upon which the suit is brought, but that the said note was given conditionally, in payment of the performance of a certain contract that was entered into by defendant and plaintiff, but which has not been performed. The jury are instructed that if they find from the evidence that the note in question was in fact given in payment for the performance of a contract entered into by plaintiff, or partly in payment for such performance, and that said contract has not been performed by plaintiff, then it was not necessary for defendant to return to plaintiff the policy of insurance in order to avail himself of his contention in this suit. But if you find that the policy of insurance was not returned, or no offer made to return it, by defendant, if it is of any value, in determining the issue in this case, as to whether there was or was not a failure of consideration of the note, you may consider it for that purpose. That is for you to say."

—And refused to give plaintiff's fourth request, as follows:

" You are also instructed that if you find that the defendant in this case accepted, at the time of the giving of the original note, an insurance policy on his life for $1,000, and that he understood that the annual premium for the policy was $31.10, and if you also find that he retained said policy, and never surrendered it, and that said policy continued in full force and effect for the period of one year, and that the only consideration given for said policy was the original note, of which the one here in question is a renewal, then plaintiff would be entitled to recover."

It will be seen that the theory upon which the case was submitted to the jury was, or might be found to be, that the sole consideration for the note in suit was the securing of the job of roofing for defendant and his partner. We do not think the case admits of any such view. Defendant received a policy of insurance, the premium on which was $31.10 for the first year. He retained it during the entire year, and had the benefit of the insurance. He has

received *some* consideration for the note. It cannot be said that there was a *total* failure of consideration. The case was not submitted to the jury upon the theory of recoupment. A partial failure of consideration is a defense *pro tanto* only. Bigelow, Bills & N. (2d Ed.) 89, note; Story, Prom. Notes (7th Ed.), § 187; 6 Am. & Eng. Enc. Law (2d Ed.), 791.

We find there was a mistrial, and the judgment will be reversed and a new trial ordered.

The other Justices concurred.