ABRAHAM VANDERBEEK *vs.* LYMAN H. FRANCIS.

First Judicial District, Hartford, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff delivered a steam engine of a new and peculiar type to the defendant, who was to try it for thirty days, when, if it proved satisfactory and no notice of its rejection had been given to the plaintiff, it was to be paid for at an agreed price. For more than a year after its installation the engine failed to work efficiently, and the plaintiff altered and experimented with it to remedy its defects. During this period no demand for payment was made and no notice of nonacceptance was given. Finally the plaintiff requested the defendant to accept or reject the engine, and in reply the latter stated that he wanted it and would pay for it as soon as he had the money ; and shortly thereafter paid the plaintiff $400 on account and promised to pay the balance soon. In an action upon the so-called common counts to recover the rest of the agreed price, it was *held* : —

1. That whatever rights the defendant might have had originally, under the conditional or tentative agreement, to reject the engine or to claim a reduction for its deficiencies, had been waived by his express acceptance of the engine and his promise to pay therefor.
2. That this promise must have referred to the agreed price, as no other amount had ever been suggested.
3. That under the count for the reasonable worth of the engine, the plaintiff might recover the unpaid portion of the agreed price.

Argued January 7th—decided January 30th, 1903.

ACTION upon the common counts, brought to the Court of Common Pleas for Hartford County and tried to the court, *Peck, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The plaintiff sued upon the common counts, and filed his bill of particulars showing debit items to the amount of $710.33. The largest of the items was for a steam engine priced at $475. Two items of credit were given, which reduced the balance claimed to be due to $165.33. The defendant answered by general denial and a plea of an additional payment. No question arose concerning any of the items of the bill of particulars, save the one above referred to. The court found that the claimed additional payment had not been made. In support of his claim to recover the $475 for the engine, the plaintiff offered in evidence a letter containing the specifications of the engine and the terms under which it was ordered by and furnished to the defendant for use in his yacht. The engine was to accomplish certain specified results, and the price named was $475, net cash. The letter contained these provisions : " The engine to be our property during its trial of thirty days. If at the expiration of thirty days it is satisfactory and you have not notified us that it is not wanted, it is to be paid for; if advised that it is not, we will take the engine out and no charge." The engine was of a new and peculiar type, and for a year or more after its installation in June, 1896, it failed to accomplish the promised results, and did not work satisfactorily. During all this time the plaintiff was making alterations in it to remedy its defects, and no demand for payment was made, and no notice was given that the engine was not wanted. In December, 1897, the plaintiff sent the defendant an itemized bill in which the engine was charged at the agreed price. At some time between this date and February 1st, 1898, the plaintiff asked the defendant whether he was going to accept the engine and pay for it or not; if not, the plaintiff said he would take it out. The defendant replied that he wanted it, and would pay for it as soon as he had the money. On February 2d,

1898, the defendant wrote the plaintiff, excusing a delay in sending $200 as previously agreed upon, and promising to send the sum at a later date, adding "at which time I will try and send the whole amount." On February 28th, the defendant paid $400 and promised to pay the remainder soon. Such remainder has never been paid. The defendant has never asked that the price should be reduced because of any defects, nor has any other price than $475 been mentioned between the parties. The defendant has sold and delivered the engine as a part of the boat in which it was placed.

Upon the trial the defendant claimed to show, in reduction of the amount to be paid for the engine, (1) that it was of no value, and (2) that there had been a breach of warranty. The court ruled that under the pleadings a breach of warranty could not be shown, and that by the transaction and conversation of December, 1897, the defendant had waived any claim he might otherwise have had for a deduction for a breach of warranty, or a reduction from the price of $475 for any other cause.

*Leveret C. Hinman*, for the appellant (defendant).

*Raymond Trainor*, for the appellee (plaintiff).

PRENTICE, J.  Several questions are presented by the appeal and have been argued. A few simple considerations suffice to justify the action of the trial court and dispose of the case. The plaintiff may, under his complaint, recover an agreed price. Rules of Court, p. 42, § 131. The original contract of sale fixed an agreed price. The sale as finally consummated confirmed that price. The original contract of sale was a conditional one and did not accomplish a sale upon delivery. No title thereby passed. The defendant became only a bailee with an option to become owner. *Hunt v. Wyman*, 100 Mass. 198. The contract gave the defendant thirty days' trial of the engine and the right of nonacceptance within that time. This time limitation was by mutual consent of the parties extended, during the many months of ex-

periment and alteration which ensued, and the agreement remained a tentative and open one. The plaintiff by his conduct impliedly, as he afterwards did expressly, waived any claim he might have had to a completed sale for the want of a notice of rejection within thirty days, and the defendant his right to reject the engine for unsatisfactory performance or other cause, as originally installed. Both parties were satisfied to postpone the final decision which was to determine whether the engine was to become the defendant's, or remain the plaintiff's property. The end of this period of experiment and trial ended in December, 1897, when the plaintiff put the defendant to his election to accept or reject. The defendant's decision then made and announced in his reply, that he wanted the engine and would pay for it as soon as he had the money, closed the transaction, consummated a sale, and fixed the defendant's liability to pay the originally-agreed price. Whatever right the defendant theretofore may have had to refuse to accept the engine, or to claim a reduction in the amount to be paid by reason of either his dissatisfaction with the machine, its deficiencies, worthlessness, failure to perform, any breach of warranty or other cause, he then waived by his express and unconditional acceptance and agreement to pay for it. This agreement to pay must have been one to pay the originally-specified price, which was the only amount ever suggested. This agreement was not without consideration. The title to the engine then acquired furnished that. Thus, and by his subsequent consistent conduct, the defendant bound himself as the trial court adjudged.

There is no error.

In this opinion the other judges concurred.