INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.* ADAMS.

HOLDEN, J. Certain notes were given for the purchase-money of an engine known as an International Gas or Gasoline Engine bought of the payee by the maker of the notes. In the contract of purchase a written guarantee by the seller provided: "The International Gas or Gasoline Engines are warranted to be well made, of good material, and durable with proper care. The rate horse-power is guaranteed on every International engine when leaving the factory; the brake test showing a greater horse-power than rated. The International engines are warranted for one year from date of purchase. If within this time a part prove defective, a new part will be furnished at our factory on receipt of part showing defect." Suit was brought on the notes by the payee, and the defendant pleaded a breach of the warranty and a failure of consideration. *Held:*

1. Where the court sustained several grounds of a special demurrer of the plaintiff to several allegations in the answer of the defendant, "with privilege to defendant to amend his plea and answer in such form as to cure the defects therein specified," and several amendments offered for this purpose were allowed by the court over a general objection of the plaintiff "that the defects complained of had not been cured by said amendments," there was no error in overruling the objections and allowing the several amendments where any one, or any part of either of the amendments, was allowable and cured any of the specified defects.

2. A witness in behalf of the defendant, after having testified that the horse-power of his engine was 9-7/10, testified as follows: "I do not know and can not swear what horse-power my engine is, only from trying it, and comparing it with other engines. I have known eight or ten different ones, and am only comparing it with other engines, and I did not know the horse-power of those engines with which I compared it, only by what they claimed." It was error to admit such testimony, over the objection of the plaintiff that it was hearsay.

3. It was error to admit testimony of a witness for the defendant, "I don't know anything about gasoline engines. From my knowledge of machinery and the usage and custom in this country, and from my knowledge of machinery in general and my past experience, I am satisfied that a ten horse-power engine would pull this seventy-saw gin of Mr. Adams," over objection of the plaintiff "that the evidence was opinionative; that the witness had not qualified as an expert, and confessed ignorance of gasoline engines, and did not know the conditions under which the gin testified concerning was operated by defendant."

4. It was error to admit testimony of a witness for defendant. "A ten horse-power engine would pull that [defendant's] gin. This is not a ten horse-power engine [referring to the engine in dispute]. If I shall judge by the work it was doing, not that I am qualified to say it was not, but according to my judgment it is not. I am not an expert as to machinery. It is a fact that my testimony about this horse-power is only by getting comparison from what I have seen of other engines that were said to be of a certain horse-power. Therefore I am judging that horse-power by what they told me, and not by actual measurement made by myself," over objection of the plaintiff "that said evidence was hearsay, based upon statements made by others as to horse-power of other engines used in comparison of work done. That said evidence was opinionative, and witness had not qualified as an expert."

5. It was error to admit testimony of a witness for the defendant, "If this engine [the engine in dispute] reached us [the defendant, witness's father, and him] in the same condition that it was when it left the factory, I will swear that it would not under the brake test show a greater horse-power than ten horse-power, when it left the factory. I only swear to that fact by comparison with other engines. I know what other engines are rated at; what their horse-power is rated at. That is what somebody said. All the testimony that I gave to Mr. Boykin's [counsel for defendant] questions has been based upon comparison with other engines which are said to have a certain horse-power," over objection of the plaintiff, "because the evidence of the

witness was based upon hearsay testimony; because he swore as to horse-power of the engine in dispute by comparing same with other engines the horse-power of which he did not know, merely 'understood' or 'heard' or 'were rated' at so much horse-power; that the testimony was not a statement of fact, but a conclusion of the witness; that the evidence was opinionative, and the witness had not qualified as an expert."

6. The court charged the jury as follows: "On the other hand, if you find that the plaintiff company contracted to sell and did ship to the defendant a certain gasoline engine which was not well made and was not of good material, and not durable with careful and proper use and gear, or if you find that the engine was not of a ten horse-power when geared to properly adjusted and set up machinery, and you find that the engine by reason of not being well made, or not having been made of good material, or was not durable with due care and caution in its operation, or you find that by reason of the construction of the engine that it would not develop in operation and use a ten horse-power with proper handling, you would not be authorized to find for the plaintiff, but, if you find such to be the facts of the case, you would be authorized to find that the consideration of the notes sued on has failed, and you would be authorized in that instance to find for the defendant." This charge was error and subject to the criticism made, viz.: "the error herein complained of being in the court's directing the jury, under this charge, that however slight might have been the failure of the company, this movant, to comply with its part of the contract, either as to furnishing a ten horse-power engine, or machinery that was durable or of good material, the defendant would be allowed the benefit of entire failure of consideration, and excluding from the consideration of the jury all idea of partial failure of consideration."

7. In view of the entire record, there was no error requiring a new trial with respect to the matters complained of in any of the other assignments of error.   *Judgment reversed. All the Justices concur.*

SEPTEMBER 21, 1910.

Complaint.   Before Judge Rawlings.   Screven superior court. May 11, 1909.

*White & Lovett,* for plaintiff, cited, on pleading: *Houser* v. *Lithgow Mfg. Co.,* 84 *Ga.* 333; *Harder* v. *Carter,* 94 *Ga.* 482; Regensburg *v.* Notestine, 2 Ind. App. 97 (27 N. E. 108); Byrne *v.* Hibernia Bank, 31 La. 81; Baird *v.* New York, 96 N. Y. 567; Cole *v.* Champlain Transfer Co., 26 Vt. 87; *Trippe* v. *McLain,* 87 *Ga.* 536; Fenwick *v.* Bowling, 50 Mo. App. 516; Sebring *v.* Hazard, 128 Mich. 330; Flannery *v.* Kane, 102 Va. 547; *Green* v. *Babcock Lumber Co.,* 130 *Ga.* 469; *L. & N. R. Co.* v. *Barnwell,* 131 *Ga.* 792; Civil Code, §§ 5049, 5201; *Rome Furnace Co.* v. *Patterson,* 120 *Ga.* 522, 523; *Babcock Lumber Co.* v. *Johnson,* 120 *Ga.* 1034; *Turley* v. *Atlanta &c. Ry. Co.,* 127 *Ga.* 594; *Bullard* v. *Brewer,*

118 *Ga.* 918; *McCormick Machine Co.* v. *Allison,* 116 *Ga.* 445; *May Mantel Co.* v. *U. S. Blow-Pipe Co.,* 93 *Ga.* 778; *Patterson* v. *Ramspeck,* 81 *Ga.* 808; DeWitt *v.* Berry, 134 U. S. 306; *Holcomb* v. *Cable Co.,* 119 *Ga.* 446; *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672; *Candler v.* Thompson, 30 Fed. 38; Whitehead *v.* Lane & B. Co., 72 Ala. 39.   On evidence: Civil Code, §§ 5175, 5285, 5287; 1 Wigmore on Ev. 555; McCormick &c. Co. *v.* Gray, 100 Ind. 285, 292; Osborn *v.* Simerson, 73 Ia. 509, 512 (35 N. W. 615); *Central Railroad* v. *DeBray,* 71 *Ga.* 407, note 8; *Lamar* v. *Pearre,* 90 *Ga.* 378; *Cornelia Planing Mill Co.* v. *Wilcox,* 129 *Ga.* 524; *Doggett* v. *Sims,* 79 *Ga.* 254; *Hill* v. *Ludden,* 113 *Ga.* 320; *Woodson* v. *Holmes,* 117 *Ga.* 19; *McCullough* v. *Armstrong,* 118 *Ga.* 424; *Harder* v. *Carter,* 94 *Ga.* 482; J. I. Case &c. ·Co. *v.* Harden, 65 Ia. 359; Warder *v.* Fisher, 48 Wis. 338; Aultman *v.* Mickeys, 21 Pac. 254; *Southern Ry. Co.* v. *Ward,* 131 *Ga.* 21. Warranty and waiver: Anglo-Nev. Assur. Corp *v.* Nadeau, 90 Cal. 390; Melby *v.* Osborne, 33 Minn. 493; Benson *v.* Port Huron Eng. Co., 83 Minn. 321; Robinson *v.* Berkey, 100 Ia. 136 (62 Am. St. 549); Aultman *v.* Donnell, 9 Kas. App. 813; Wooldridge *v.* Royer, 69 Md. 115; R. B. Gage Mfg. Co. *v.* Woodward, 17 R. I. 404; Aultman *v.* McKinney, Tex. Civ. App. (1894), 26 S. W. 267; Baer &c. Co. *v.* Cutting &c. Co., 46 W. Va. 359; Vanderheck *v.* Francis, 75 Conn. 467; Fairbanks *v.* Basket, 98 Mo. App. 53; Deering *v.* Walter, 96 N. W. 517; *Windham* v. *Doles,* 59 *Ga.* 266; *International Co.* v. *Sheffield,* 3 *Ga. App.* 375; *Means* v. *Subers,* 115 *Ga.* 373.

*H. A. Boykin,* for defendant, cited: *Sizemore* v. *Woolard,* 3 *Ga. App.* 264; Civil Code, §§ 3555, 5128, 5825; *Elgin Jewelry Co.* v. *Estes,* 122 *Ga.* 807; *White* v. *Mercantile Jewelry Co.,* 6 *Ga. App.* 860; *Moultrie Repair Co.* v. *Hill,* 120 ·*Ga.* 730; *Means* v. *Subers,* 115 *Ga.* 371; *Southern Ry. Co.* v. *Ward,* 133 *Ga.* 21; *Id.* 115 *Ga.* 624; *Southern Mutual Ins. Co.* v. *Hudson,* 113 *Ga.* 439; *Central Railway Co.* v. *Bond,* 111 *Ga.* 13; *Herndon* v. *State,* 111 *Ga.* 179; *Atlanta Con. St. Ry. Co.* v. *Bagwell,* 107 *Ga.* 157; *Augusta &c. Railway Co.* v. *Dorsey,* 68 *Ga.* 228; *Central Railroad* v. *Coggins,* 73 *Ga.* 689; Samson Exp. & Op. Ev. rule 63, 505; Cavendish *v.* Troy, 41 Vt. 107; 1 Gr. Ev. (16th ed.) 549; *Galceran* v. *Noble,* 66 *Ga.* 367; *Hirsch* v. *Oliver,* 91 *Ga.* 555.