## 42211.  OCMULGEE ELECTRIC MEMBERSHIP CORPORATION v. TAYLOR & SON, INC.

BELL, Presiding Judge.  1.  Where the trial judge renders an order sustaining general and special demurrers to a petition and providing that "the petition shall stand dismissed unless the same is amended within [45]  .  .  .  days from this date to meet said demurrers," the petition is automatically dismissed if the plaintiff fails to amend within the time allowed.  *Clark v. Ganson,* 144 Ga. 544 (1) (87 SE 670); *Smith v. Atlanta Gas Light Co.,* 181 Ga. 479 (2) (182 SE 603); *Howell v. Fulton Bag &c. Mills,* 188 Ga. 488, 490 (4 SE2d 181).  The provision for automatic dismissal is operative even if the plaintiff files an amendment, where the amendment fails to cure the defects pointed out by the demurrers.  *Speer v. Alexander,* 149 Ga. 765 (102 SE 150); *Gamble v. Gamble,* 193 Ga. 591 (19 SE2d 276); *Hayes v. Simpson,* 83 Ga. App. 22, 26 (62 SE2d 441).

2. "However, if an amendment is filed within the time granted, the 'automatic dismissal' feature of the order sustaining the demurrer is suspended temporarily.  In cases where the court issues an order granting leave to amend to meet objections raised by demurrer, the court necessarily retains jurisdiction

of the case for the purpose of determining whether or not the amendment filed, if in fact filed and in time, meets the objections raised by the demurrer." *Sheffield v. Ervin,* 85 Ga. App. 17, 19 (67 SE2d 593), reversed on another point, 209 Ga. 27 (70 SE2d 513). After an amendment is filed, it is then incumbent on the demurrant either to object to the amendment or to demur to the amended petition on the ground that the amendment is insufficient to cure the specified defects. If the defendant fails to make a proper objection on this ground but merely demurs to the amended petition, this constitutes a waiver of the right to insist that the original judgment finally disposed of the case. *Perkins v. First Nat. Bank,* 221 Ga. 82, 94 (143 SE2d 474).

3. After plaintiff had amended his petition in this case, the defendant filed a motion to dismiss the petition, objecting generally that "such amendment did not meet the demurrers sustained by the court." In many respects the amendment was not sufficient to meet the objections raised by the demurrers. However, in some respects the amendment cured the defects pointed out by the demurrers. Under these circumstances defendant's motion raising only a general objection was not sufficient and it was not error to overrule the motion where the amendment cured any of the specified defects. *International Harvester Co. v. Adams,* 135 Ga. 104 (1) (68 SE 1093). For the same reason the court did not err in overruling defendant's first demurrer to the amended petition.

4. The trial court did not err in overruling defendant's objections to the amendment on the ground that it attempted to set forth a new cause of action. Where general negligence is alleged as the cause of an injury, the changing of allegations as to particular acts of negligence, even if the changes contradict the original, does not constitute a new cause of action. *Southeastern Stages v. Abdella,* 77 Ga. App. 772, 777 (50 SE2d 85); *Community Gas Co. v. Williams,* 87 Ga. App. 68, 75 (73 SE2d 119). For the same reason the court did not err in overruling defendant's third demurrer to the amended petition.

5. Defendant has not argued in this court the second demurrer to the amended petition. This will be treated as abandoned.

6. The trial court did not err in overruling any of the remaining grounds of demurrer to the amended petition.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ARGUED SEPTEMBER 6, 1966—DECIDED JANUARY 6, 1967—
REHEARING DENIED JANUARY 17, 1967—

*Will Ed Smith, Miller, Miller & Miller, Wallace Miller, Jr.,* for appellant.

*Hamilton Napier, Albert D. Mullis, Young, Young & Ellerbee, Cam U. Young,* for appellee.