42561. SHARPTON v. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.

BELL, Presiding Judge. The trial judge rendered an order sustaining defendant's special demurrers to the petition provid-

ing that "plaintiff's petition shall stand dismissed unless amended within . . . (45) days." Within the time allowed plaintiff amended her petition, and thereafter defendant filed a "motion for order suggesting of record automatic dismissal of plaintiff's petition," objecting that the amendment was not sufficient to meet the demurrers. *Held:*

Under an order like the one in this case, the petition is automatically dismissed if the plaintiff fails to amend within the time allowed. *Clark v. Ganson,* 144 Ga. 544 (1) (87 SE 670); *Smith v. Atlanta Gas Light Co.,* 181 Ga. 479 (2) (182 SE 603); *Howell v. Fulton Bag &c. Mills,* 188 Ga. 488, 490 (4 SE2d 181). The provision for dismissal is operative even if the plaintiff files an amendment, where the amendment fails to cure the defects pointed out by the demurrers. *Speer v. Alexander,* 149 Ga. 765 (102 SE 150); *Gamble v. Gamble,* 193 Ga. 591 (19 SE2d 276); *Hayes v. Simpson,* 83 Ga. App. 22, 26 (62 SE2d 441). However, on the necessity of defendant's pointing out specifically wherein and why the amendment was not sufficient, as defendant did in this case, see *International Harvester Co. v. Adams,* 135 Ga. 104 (1) (68 SE 1093); *Perkins v. First Nat. Bank,* 221 Ga. 82, 94 (143 SE2d 474); *Ocmulgee Electric Membership Corp. v. Taylor & Son, Inc.,* 115 Ga. App. 44 (2, 3) (153 SE2d 666). With respect to certain allegations to which demurrers had been sustained, the amendment here was substantially no more than a reiteration of those allegations, and therefore it clearly failed to meet the objections raised by the demurrers. *Baker v. City of Atlanta,* 22 Ga. App. 483 (96 SE 332); *Garmany v. Henson,* 30 Ga. App. 100 (1 a) (117 SE 107). The trial court did not err in sustaining defendant's motion and thus effecting dismissal of the case pursuant to the previous order on the demurrers.

*Judgment affirmed. Jordan and Pannell, JJ., concur.*

SUBMITTED JANUARY 6, 1967—DECIDED MARCH 17, 1967.

*Murray C. Underwood, J. Sidney Lanier,* for appellant.

*Bryan, Carter, Ansley & Smith, M. D. McLendon,* for appellee.