43123. HESTER v. WILSON.

ARGUED OCTOBER 4, 1967—DECIDED MARCH 7, 1968—
REHEARING DENIED MARCH 21, 1968.

*Henning, Chambers & Mabry, E. Speer Mabry,* for appellant.
*John E. Feagin,* for appellee.

WHITMAN, Judge. ■ Pursuant to demurrers and orders of the court thereon, plaintiff amended her original petition twice, then rewrote the entire petition, and then once amended the rewritten petition. Each amendment was allowed and ordered filed subject to objection. Defendant at no time on these occasions, including the last, objected to the allowance of the amendments

or demurred to the amended petitions on the ground of insufficiency to cure the specified defects. Rather, the defendant on each occasion renewed all previously filed demurrers and three times filed additional demurrers. On the last occasion all of defendant's demurrers were overruled.

An amendment to a petition under the facts set out above opens the petition as amended to a fresh adjudication as to its sufficiency on renewed and additional demurrers filed thereto, and this is particularly true where the grounds of renewed demurrers are repeated therein in the same or substantially the same language as set forth in original or former demurrers. *Folsom v. Howell,* 94 Ga. 112 (1) (21 SE 136); *Perkins v. First Nat. Bank,* 221 Ga. 82 (7) (143 SE2d 474); *Ocmulgee Electric Membership Corp. v. Taylor & Sons,* 115 Ga. App. 44 (2) (153 SE2d 666). Therefore, the only matters before the court with regard to demurrers would be the adjudication of the renewed and additional demurrers to the rewritten petition as amended. Defendant's first enumeration of error relating to an order on demurrers prior to the last amendment presents nothing for review.

■ Defendant's second enumeration of error is that the trial court erred in overruling certain grounds of his renewed and additional demurrers interposed to the rewritten petition as amended.

One of the demurrers overruled is a general demurrer, which we will now consider. The requisite elements for an action of fraud and deceit against a seller for misrepresentations are set forth in *Stovall v. Rumble,* 71 Ga. App. 30, 34 (1) (29 SE2d 804). The essentials are that the actual condition of the premises be falsely represented by the seller; that the seller knew or should have known in the exercise of ordinary care that his representations were false; that the purchaser could not have ascertained for himself the falsity of the representations; and that the purchaser relied on the representations to his injury and damage.

With regard to the condition of the premises, "[i]f there is a concealed defect, known to the seller, . . . [he] is bound to reveal it to the purchaser." *Southern v. Floyd,* 89 Ga. App. 602 (1) (80 SE2d 490).

The petition, set forth above, will be seen to contain the essential allegations. Defendant nevertheless contends that the

petition is insufficient as a matter of law, that the allegations of fraud and deceit and the alleged misrepresentations are based on conclusions and improperly pleaded facts. It is true that a cause of action based upon mere legal conclusions without supporting facts is subject to general demurrer. *Fowler v. Southern Airlines,* 192 Ga. 845 (4) (16 SE2d 897). However, in our view, the re-written petition as amended contains supporting allegations of fact sufficient to withstand general demurrer. Improperly pleaded facts are, of course, a matter for special demurrer.

The case of *Tison v. Eskew,* 114 Ga. App. 550 (151 SE2d 901), relied on by defendant, was decided on the basis that the fundamental defect was not concealed and was discoverable by ordinary care (but see the dissenting opinion). The allegations here are to the contrary.

The reliance of defendant on an exculpatory clause in the contract between the parties to dispel the cause of action is also without merit. Although the purchaser signs a contract of sale which provides that it contains the entire agreement between the parties and that no representation, statement, or inducement except as therein noted shall be binding upon either party, such does not vitiate the action where the fraud alleged to have been perpetrated was such as to prevent the purchaser from exercising his own judgment. *Southern v. Floyd,* 89 Ga. App. 602 (3), supra.

The court did not err in overruling the general demurrer.

■ Defendant enumerates as error and argues the overruling of nine special demurrers to the rewritten petition as amended. The demurrers are addressed to two paragraphs. One paragraph alleges that defendant "knowing all the facts herein set forth and knowing of the latent defects, and knowing that the plaintiff was depending and relying upon the defendant to disclose to her the true condition of the premises, . . . did not reveal the condition herein described, but fraudulently concealed the same from plaintiff, and fraudulently represented to the plaintiff, after direct inquiry, the reasons for the supporting columns to be out of plumb and the house to be out of balance." The other paragraph alleges that "the defendant has not acted in good faith but has affirmatively attempted to defraud petitioner in the utmost bad faith by concealing the latent defects known to him, and by mis-

representing the condition of the premises to petitioner." The bases of the demurrers are that the allegations of each paragraph are conclusions and are conflicting, contradictory and inconsistent with the exculpatory clause of the contract. The demurrers are without merit for the same reasons discussed in Division 2, and the trial court did not err in overruling them.

■ Defendant's third and fourth enumerations of error present but one question, to wit: Did the trial court err in allowing plaintiff an extension of time for filing affidavits in opposition to defendant's motion for summary judgment after the day for the hearing had arrived and the hearing had begun? The hearing was set for March 13, 1967. On that day the trial court allowed the plaintiff an extension of three days over defendant's objection. We are of the opinion that the trial judge may in his discretion allow an extension for such purpose. The Summary Judgment Act effective at the time this case was heard so indicates. "The courts may permit affidavits to be supplemented or opposed by depositions or by further affidavits." *Code Ann.* § 110-1205 (Ga. L. 1959, pp. 234, 235). "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." *Code Ann.* § 110-1206 (Ga. L. 1959, pp. 234, 236). "The court may reduce or enlarge any time requirements prescribed herein for the filing of any documents or pleadings, or for the hearing date on any motion filed hereunder." *Code Ann.* § 110-1207 (Ga. L. 1959, pp. 234, 236). See also *Simmons v. State Farm &c. Ins. Co.*, 111 Ga. App. 738 (1) (143 SE2d 55).

The court did not err in overruling defendant's objection and allowing plaintiff an extension of time for filing affidavits.

■ Defendant's fifth enumeration of error avers that the court erred in not sustaining his oral motion to strike the affidavit of Eugene Vezanni, and his sixth enumeration of error avers that the court erred in not sustaining his oral motion to strike the affidavit of Warren Wilson. These enumerations of error are without merit. These are affidavits referred to in the fourth di-

vision of this opinion. The record shows that counsel for defendant made an oral motion to strike the affidavits on their not being timely filed, said counsel stating that after the court rules on that, "then I would say we would go into whether or not the affidavit in its form correctly presents evidence which can be considered by the court." The court thereupon stated "I gave him [counsel for plaintiff] three days to file it from the day of the hearing. I am going to let it stay in at this time. . . I am overruling that motion." Thereupon counsel for defendant stated "on the affidavits I think it would be proper to go into whether or not his affidavits are—properly present facts which the court can consider, and when I say that, I am talking about evidence which can be considered by the court." Thereupon counsel for defendant engaged in argument in respect of the affidavits, and the court also heard from counsel for plaintiff in relation thereto. At the conclusion of these arguments the court did not announce or render any order or judgment thereon, whereupon argument by counsel both in support of and in rebuttal to the motion for summary judgment was resumed and concluded; the court then stating, "All right, gentlemen, I will take some time, maybe a week or more, before I let you hear from me." Thereafter on May 22, 1967, the court entered an order and judgment denying the motion for summary judgment, and this is the only order and judgment to which reference is made in the fifth and sixth enumerations of error. It will be noted that these enumerations of error aver that the court erred in not sustaining the alleged oral motions to strike. There is not in the record any such order, oral or written, nor do the enumerations of error assign error on any oral or written order or orders *denying* said motions. There were no such orders of denial. Moreover, each of these affidavits was relevant and material to the issues involved in the case.

■ The seventh enumeration of error is that the court erred in basing its ruling denying the summary judgment on the depositions of Ernest H. Stewart and Walter Sullivan. The eighth enumeration is that the court erred in basing its ruling on the motion for summary judgment, "at least in substantial part," on the affidavit of Vezanni. The ninth enumeration is that the court erred in denying defendant's motion for summary judgment.

The content of the Vezanni affidavit was relevant and material to a consideration of the motion for summary judgment.

Stewart, a building inspector with the City of Atlanta, testified that he was the inspector assigned to this house when it was constructed; that there had been considerable fill placed in the front yard since the final inspection of the house when built; that he was requested by the plaintiff to look at the house; that the house had been pushed or shoved or forced out of position on its foundation 3 or 4 inches or more, and that in his opinion it was caused by the excessive fill in the front yard against the front wall; that he wrote a letter pursuant to his inspection declaring the building unsafe, but he testified that he felt the steel braces would prevent the building from collapsing.

Sullivan testified that his business was the moving of buildings and the straightening of supports of buildings; that he repaired the plaintiff's home; that the house was damaged as a result of insufficient strength in the foundation wall and the fill dirt which exerted a tremendous force against the wall especially when wet.

Mrs. Wilson testified that she had liked the house; that she had made two cursory inspections of the house prior to signing the contract; that mainly she was looking at such details as the layout of the kitchen and the general floor plan; that she didn't know much about a building's structure and didn't notice whether it was safe or not; that she had seen the steel braces in the basement, but did not inquire as to why they were there and thought they had been put there when the house was built.

Mr. Wilson, plaintiff's husband, testified that he had noticed some crooked or slanted structures and asked defendant about it and was told that the carpenter had put them in wrong and all it would take would be to pull out the bottom. He also testified that some of the front foundation wall was visible from inside the basement, but that the majority of the wall was covered over with sheet rock; that he saw the steel braces and assumed they were put in when the house was built.

Both Mr. and Mrs. Wilson testified that the house was still moving up until it was repaired, that the water pipes coming in from the streets had been pulled in two; that the structure creaked and groaned and some large cracks developed.

James Herty Lucas, an engineer and consultant, testified that when he first saw the steel braces he determined that they were installed after the house was built and that they were sufficient to reinforce the front foundation wall and that after they were installed there was no further movement of the house.

The defendant testified that the front foundation wall of the house bowed and cracked within 90 to 100 days after the house was built and caused cracks in the house and caused the unfinished portion of the house downstairs and the supporting piers underneath the house to become out of plumb and cracked; that he had no agreement with Stewart, the Atlanta City Inspector, or any other person, as to the final grade of the front yard; that when the front foundation wall cracked he requested his mother, who built the house, to correct the bowing of the wall and as a result the steel braces were installed; that the damage to the house was clearly visible to Mr. and Mrs. Wilson and in no way concealed or hidden from them; that he in fact told Mr. Wilson prior to consummating the contract that the house had moved out of plumb because of the pressure on the front wall, and that the steel braces had been installed to prevent further movement of the house.

There was other testimony regarding the house, its value with the damage, without damage and the cost of repairs. Some tended to establish plaintiff's claim of $6,000 damages. Some tended to establish that the house was worth more than plaintiff had paid for it, even with the alleged defects.

The above testimony clearly conflicts on whether the alleged defect, i.e., the unstable foundation, and the actual condition of the premises was obvious or ascertainable by the plaintiff. The testimony even conflicts on whether the foundation was in fact unstable. That defendant had knowledge of the structural condition of the foundation is admitted, but the evidence conflicts on whether he made a disclosure. These and other material issues remain unresolved. Therefore, the court did not err in denying defendant's motion for summary judgment. *Bankers Fidelity Life Ins. Co. v. O'Barr*, 108 Ga. App. 220 (2) (132 SE2d 546).

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*