## BIGELOW vs. YOUNG.

| 30 | 121 |
|----|-----|
| 102 | 833 |
| 30 | 121 |
| 106 | 307 |
| 30 | 121 |
| 110 | 867 |
| 111 | 821 |
| 30 | 121 |
| 115 | 225 |

1. Parol proof of the contents of a written contract, cannot go to the jury without satisfactory preliminary proof to the Court, that the writing was executed and is lost.

2. When the question between parties is, what was the state of accounts between them at a particular time? it is error to admit evidence against objection, touching an item which was at that time barred by the Statute of Limitations.

3. It is within the discretionary power of the Court to allow a witness to be sworn, after the evidence on both sides has been announced closed, and the argument has been commenced; and a liberal practice in this respect is most favorable to the ends of justice.

4. But the practice of recalling a witness to *restate* a point in his testimony, after counsel have disputed about it in the argument in his hearing, while also under the control of a sound discretion in the Court, is one which ought to be allowed with great caution, and not at all where there is reasonable ground to suspect the *fairness* of the witness.

5. Trover is an action for damages done to the right of possession, and amount of the damages depending therefore upon the extent of the right, it is competent for the defendant to reduce the damages by showing the quantity of the plaintiff's interest.

6. Where two parties make a written contract of pawning, one advancing money and the other pledging a negro, to be reclaimed *at any time by payment of what the pledger may owe the pledgee,* the negro can be redeemed only by the payment of all that may be due at the *time of the redemption.*

Trover, in Polk Superior Court. Tried before Judge HAMMOND, at October Term, 1859.

This was an action of trover, brought by Rebecca Young against Benj. F. Bigelow, for the recovery of a negro man slave named Sam.

The parties having announced themselves ready, counsel for plaintiff called on counsel for defendant to respond to a notice to produce certain papers at the trial. Defendant, in response, produced these papers; one a receipt from the plaintiff and one Scott Young to defendant for $246.37, dated 17th January, 1852. The second, a paper, of which the following is a copy:

Bigelow vs. Young.

"BENTON COUNTY, Jan. 17th, 1852.

Received of Rebecca Young, as executrix of the estate of Griffin Young, deceased, and Scott Young, a negro boy, by the name of Sam, about ten years old, to be held as my property, for value received—which boy may be redeemed of me by Rebecca Young at any time, by her paying the amount which may be due me; the use of the negro to pay for the interest of indebtedness to me.

(Signed,)                                 BENJ. F. BIGELOW.

                                                  her
                                    REBECCA· ⋈ YOUNG.
                                                  mark.
                                         JOHN S. YOUNG.

Test: LOTT WHITLOCK."

And the third, the following receipt:

$524 73.

Received of Benj. F. Bigelow five hundred and twenty-four 73-100 dollars. March 25th, 1857.

                                                  her
(Signed,)                             REBECCA ⋈ YOUNG.
                                                  mark.
                                         JOHN S. YOUNG.

Test: W. M. DAVIS.

Plaintiff proposed to prove the contents of a receipt, or contract in writing, not produced, and described in an affidavit made by Henry F. Vernon, as a foundation for the notice given. Counsel for defendant objected to this testimony on the ground, that the execution of the paper must be first proved, before proof of its contents could be made. The objection was overruled by the Court and the evidence admitted, and defendant excepted.

At the conclusion of plaintiff's evidence, counsel for defendant moved for a non-suit on the ground, that there was no evidence of conversion, and because the money alleged to have been tendered (the $247 37 mentioned in the last receipt above set out) was not deposited in the Clerk's office.

The Court refused to grant the motion for non-suit, and defendant excepted.

Defendant then offered in evidence an exemplification of the last will and testament of Griffin Young, deceased, plaintiff's testator, the object of which was to show that plaintiff

had only a life-estate in the negro sued for. The Court, upon objection, excluded this evidence, on the ground, that it was incompetent for defendant to prove such fact. To which ruling counsel for defendant excepted.

Defendant then proposed to prove by the depositions of a witness, taken by commission, that the boy Sam, the negro sued for, was received by plaintiff as a legatee, in and under the will of said Griffin Young; and that, by said will, she was entitled to only a life-estate in said negro, which testimony, upon objection, was also repelled by the Court, and counsel for defendant excepted.

After the testimony was closed, and after plaintiff's counsel had finished his opening argument, he moved to prove by the witness, John S. Young, an indebtedness on the part of defendant to plaintiff. Defendant objected, on the ground that it was too late, at that stage of the cause, to let in the proof, and that the witness was interested, and further, that the debt proposed to be proven was barred by the statute of limitations. The objection was overruled, and the testimony was received, and defendant excepted.

Counsel for plaintiff, while making his concluding argument to the jury, proposed to recall the witness John S. Young, to state what he had testified to when on the stand, counsel stating in the hearing of the witness what he understood the witness had proved or testified to. Counsel for defendant objected. The objection was overruled, and the witness allowed to state what he had sworn on his first examination, and defendant excepted.

The Court, among other things, charged the jury, that if defendant held the negro as a pledge or mortgage from plaintiff, to secure the payment of a debt, that then defendant had no right to retain the possession of the said boy, to secure the payment of subsequent advances made by him to plaintiff, or subsequent demands or indebtedness, unless it was so stipulated and expressed in the written mortgage or contract. That the doctrine of *tacking* did not exist at law, unless by the contract of the parties—to which charge defendant excepted.

The jury found for the plaintiff two thousand dollars, which might be discharged by the delivery of the negro within ten days, and three hundred dollars for hire.

The defendant moved for a new trial upon the ground of

error in all the rulings and charges above stated and except-
ed to, and upon the further ground, that the verdict was
contrary to law and the evidence and the charge of the
Court.

The presiding Judge refused to grant a new trial, and
counsel for defendant excepted, and assigns said refusal as
error.

VERDERY, HARVEY, BUCHANAN and WRIGHT, for plain-
tiff in error.

CHISOLM and WADDELL, represented by SHROPSHIRE,
*contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

1. We think the Court erred in allowing *parol* evidence
of the contents of the writing, about which Vernon and Hall
testified, to go to the jury.    If we make the assumption on
which Mrs. Young's whole case rests, that this paper is a
different one from those produced in Court by Bigelow under
notice, then there was not the slightest proof that the paper
ever was executed.    On the other hand, if the paper was
*not* a different one, then it was not lost, but was in Court,
and ought to have been allowed to speak for itself, to the ex-
clusion of all *parol* evidence touching its contents.    On ei-
ther hypothesis, the *parol* proof of the contents was im-
properly admitted ; for before that proof was allowed to go
to the jury, there ought to have been satisfactory prelimina-
ry proof to the Court that the paper had been executed and
was lost.    In point of fact, we think that the preliminary
proof, so far from showing that the paper had been lost,
shows that it was in Court.    The written contract, about
which Vernon and Hall testified, was no doubt, the very
same which Bigelow produced, consisting of the two contem-
poraneous papers, bearing date the 17th January, 1852.    The
execution of these two papers was proven by the subscribing
witness to them, so clearly, that it was not even contested
by Mrs. Young.    Now, it is a curious, if not incredible
thing, that the parties should have executed a different and
*inconsistent* writing, to be an exponent of the same contract.
The very satisfactory conclusion to which our minds are

Bigelow *vs.* Young.

brought by the whole preliminary proof is, that the parties did no such inconsistent things, and the written contract about which Vernon and Hall testified, was the same which Bigelow produced in Court. The variance between the contents of the two papers of the 17th January, 1852, and the contents about which the witnesses testified, is a variance which does not so much prove the existence of a different paper, as it illustates the importance of the general rule, that the writing must speak for itself

2. We think there was error in admitting the evidence touching the negro hire, for the evidence showed that more than four years had elapsed after the negro hire was due, and before the tender was made for the redemption of the pledged negro, and so that item in Mrs. Young's account was barred by the Statute of Limitations.

3. We do not think there was error in allowing the witness to be sworn after the evidence had been announced as closed on both sides, and there had been some progress made in the argument. The ends of justice are much better promoted by liberality than stringency in matters of practice, and we see no reason for pronouncing that the Judge abused his discretionary powers in this case.

4. Another assignment of error is made upon the Judge's having allowed a witness to be recalled and to *restate* a point in his testimony about which counsel differed in their recollection. This is a dangerous practice, and, we think, should be allowed, if at all, with much caution. For myself, I have no hesitation in saying, that it ought never to be allowed with a witness whose fairness lies under any ground of suspicion. An unfair witness will be sure to make his second statement more favorable than his first one was, to that side he leans towards, after the dispute in his presence has shown him how he can mend it. With these remarks on the general rule in such cases, we pass from the point without deciding whether there was error in regard to it in this case or not, for such a decision could settle no principle, and the same question cannot recur on the next trial in the same light in which it is now presented.

5. We think there was error in rejecting the evidence to show that Mr. Young had only a life-estate in the negro. Trover is an action for *damages* done to the right of possession, and the amount of the damage obviously depends upon

the *extent* of the right. It needs no argument to prove that one suffers less damage in losing only a life-estate than in losing the fee simple. We think, therefore, the evidence ought to have been admitted in reduction of damages. But it was said in the argument, that the negro was pledged by Mrs. Young, as executrix of Griffin Young, deceased, to whose estate the negro belonged, and that she had the right, therefore, to recover the full value of the negro, without regard to the limited nature of her personal interest in him, in order that she might account to the remainder-men for their interest in him. The answer to this is, that she had no right to pledge the negro, and that the very act of pledging at all constituted an *assent to the legacy,* and from that time the life-estate was hers, and the remainder was complete in the remainder-men. She, therefore, was entitled to recover only her own interest in the negro, while the remainder-men had to look after their own.

6. We think the charge given in this case was erroneous. Whatever may have been the written contract of the parties, they certainly had the power to vary it by subsequent agreement, written or verbal. The charge was given in reference to evidence which we hold to have been improperly admitted and which will not be received on the next trial. We shall, therefore, only say that we think the proper charge in the case would be founded solely upon the contract as evidenced by the papers which Bigelow produced, and that under these Mrs. Young is entitled to have the negro returned to her, when she pays Bigelow all that she may owe him at the time when the redemption takes place, but not till then.

7. These principles, applied to the evidence in this case, lead necessarily to the conclusion that the non-suit ought to have been awarded as asked. The evidence shows that Mrs. Young owed Bigelow more than seven hundred dollars when she demanded the negro, and that she tendered him only $246 37. She had no right to reclaim the negro without tendering all she owed.

Judgment reversed.