## E. DE HERBLAY *vs.* S. NORRIS.

### EXCEPTIONS.

HEARING, DECEMBER 22, 1891.  DECISION, FEBRUARY 6, 1892.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

It is within the discretion of the trial court to re-open the case at the request of a party, for the purpose of allowing him to introduce additional evidence.

Such discretion is not subject to review, except in cases of gross abuse.

Interest may be allowed on a foreign judgment, by way of damages. The rate of such interest is not that of the country where the judgment was obtained, but that of the country where the judgment is sued upon.

The plaintiff's complaint asked for interest at six per cent. per annum, and will be limited to this rate, though the legal rate in this country is greater.

### OPINION OF THE COURT, BY JUDD, C.J.

This action was brought upon a judgment obtained by plaintiff against defendant in the city of New York on the 25th October, 1870; jury was waived, and the case was heard by Mr. Justice Dole, who rendered judgment for the amount of the New York judgment, and interest from its date at six per cent. per annum. The bill of exceptions by defendant is as follows:

"1. Defendant requests the Court to find as a matter of law that no sufficient service was made upon the defendant to support the judgment sued upon.

"2. Defendant requests the Court to find that no interest can be allowed upon the judgment, because it has not been proved that the laws of the State of New York allow interest to be charged upon a judgment, nor what rate of interest, if any, is there allowed.

"After close of the evidence and argument of counsel, plaintiff's counsel offered a witness to prove the laws of the State of New York, and the evidence was received. Defendant excepted to the re-opening of the case and to the introduction of new evidence upon the laws of New York in regard to interest, and the exception was allowed.

"The defendant now excepts to the failure of the Presiding Justice to find as requested, and to his action in receiving further testimony after the close of the case."

The first point made by the exception, that sufficient service was not made upon the defendant in the original case, was not pressed at the argument, and we think it was rightly held by the Trial Justice that the exemplified. copy of the judgment showed that service had been made on the defendant, and a judgment based on such service is *prima facie* good, and the burden is on the defendant to show that it was irregular.

The declaration averred that by the Statutes of the State of New York there is now due on the judgment interest at the rate of six per cent. per annum. The plaintiff introduced no evidence as to the law of New York on interest on judgments, or the rate of interest. At the argument defendant asked the Court to find that no interest could be allowed because no such proof had been offered.

After the close of the argument, the plaintiff's counsel asked permission to put in such evidence, which was allowed by the Court against the objection of the defendant.

We find the authorities unanimous that it is within the discretion of the Court to reopen a case at the request of a party, for the purpose of allowing him to introduce additional evidence.

In *Commonwealth vs. Ricketson*, 5 Met., 412, it was held that when a jury, after a cause was committed to them and they have gone out, return and make an inquiry of the court as to a fact, it is within the discretionary power of the Court to admit testimony respecting the matter of such inquiry.

In *Hathaway vs. Evans*, 108 Mass., 267, after both parties had closed, the defendant stated that he had just learned of a cer-

tain plan relating to the boundaries in dispute which was in plaintiffs' possession, and called upon them to produce it, and upon its production offered it in evidence, but the plaintiff objected to its admission at this stage and the Judge excluded it. The Appellate Court said, "the admission or rejection of the plan at the time when it was offered was a matter wholly within the discretion of the Presiding Judge, and is not subject to the revision of this Court." In *Commonwealth vs. Blair*, 126 Mass., 42, it was held that admission of evidence after defendaut had closed his case was a matter of judicial discretion and not a subject of exception.

In *Williams vs. Hays*, 20 N. Y., 60, the Court held that "the receiving of further proof after the case was closed was not then a matter of strict legal right on the part of the party offering it; its admission rested primarily in the discretion of the referee. This Court cannot review the exercise of the discretion of the original tribunal." So also *Caldwell vs. N. J. Steamboat Co.*, 47 N. Y., 295. *Owen vs. O'Reilly*, 20 Mo., 603, goes further than is necessary in this case. The Court there says, "it was not a proper exercise of judicial discretion to refuse the plaintiff in this case his motion for leave to introduce this testimony. It was clearly an omission, a mere oversight, and the Court ought at once to have suffered him to correct it." The cause was remanded. *Breedlove vs. Bundy*, 96 Ind., 319, lays down the rule that it is in the discretion of the Court, for the furtherance of justice, to permit the introduction of omitted evidence after the close of the argument.

In the case before us, the Trial Justice in his discretion admitted the evidence, and we find no abuse of this discretion. But this point loses its significance when we consider what the true rule for the rate of interest in such a case is. "In suits upon judgments, interest is allowed, not as a sum due by contract of the parties, but as damages, and follows the rule in force in the jurisdiction where the action was brought." Here the action was had in Massachusetts upon a judgment rendered in California. Shaw, C. J., in *Barringer vs. King*, 5 Gray, 9, said, where the plaintiff in Massachusetts claimed seven per

22

cent. interest according to New York rate on a New York judgment, "No, this is not interest, but damages, and the rule of damages is that of the Court where the action is brought."

In *Hopkins vs. Shepherd*, 129 Mass., 601, Gray, C. J., allowed, in a suit brought on a Maine judgment, interest by way of damages from the date of the judgment to the date of the judgment in this action, to be computed at the legal rate of interest in Massachusetts. *Mahurin vs. Bickford*, 6 N. H., 567 is to the same effect. In *Downs vs. Allen*, 22 Fed. R., 811, it was held that "In an action upon a judgment, interest thereon is, as a rule, allowed by the Courts of this country, in the absence of compulsory statutes, upon the amount of the original judgment, as damages for the detention of the money, and as equitably incident to the debt."

In the Supreme Court of the United States, *Goddard vs. Foster*, 17 Wall., 123, it was held that in such cases the rule of the *lex fori* prescribes the rate of interest. Two cases in California —*Thompson vs. Morrow*, 2 Cal., 101 (1852), and *Cavender vs. Guild*, 4 Cal., 250 (1854)—are against this view and against the great weight of authority, and we decline to follow them.

Having come to the conclusion that interest may be allowed as damages on the New York judgment at the legal rate of interest in this country, it becomes immaterial what the rate of interest in New York was during the time since the judgment now sued upon. But as the plaintiff has asked only for six per cent., she will be limited to that rate.

The further question has arisen whether interest is allowable at all on a foreign judgment. Interest is allowable by Sec. 1480, C. Code. " When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 9 per cent. per annum for all moneys after they become due on any bond, bill, promissory note or other instrument of writing for money lent, for money due on the settlement of accounts, from the day on which the balance is ascertained, and for the money received to the use of another, from the date of a demand made."

A judgment is a settlement of account. *Mahurin vs. Bickford,*

6 N. H., 567. A judgment is a debt due. *Klock vs. Robinson,* 22 Wend., 157. Interest is allowed on a judgment as incident to the debt. *Williams vs. Bank,* 4 Met., 320. This was so held by the trial justice.

We therefore overrule the exceptions and affirm the judgment rendered below.

*Thurston & Frear* and *P. Neumann,* for plaintiff.

*F. M. Hatch,* for defendant.