## PENN v. GEORGIA SOUTHERN & FLORIDA RAILWAY CO.

1. Generally where counsel for a plaintiff has announced the plaintiff's evidence closed, but has omitted to introduce evidence by reason of accident, inadvertence, or even because of a mistake as to the necessity for doing so in order to make out a prima facie case, on motion the presiding judge will allow the case to be reopened and additional evidence introduced, in order to prevent a nonsuit.
2. This rule is not one of arbitrary right on the part of the plaintiff or his counsel. The judge has a discretion in the matter, under the facts of each case, especially after an announcement has been made that a nonsuit will be granted; and the exercise of such discretion will not be reversed unless it has been abused.
3. That the plaintiff's attorney has announced the evidence on behalf of the plaintiff closed, a motion for nonsuit has been made, and the judge has orally stated that he will grant it, but has not signed the order for that purpose, does not, as matter of law, make it too late to move that the case be reopened and additional evidence be allowed to be introduced.
4. The evidence introduced before the announcement was made that the plaintiff closed did not make out a prima facie case.

Argued July 4, 1907.—Decided February 3, 1908.

Action for damages. Before Judge Mitchell. Lowndes superior court. November term, 1906.

Mrs. C. A. Penn brought suit against the Georgia Southern and Florida Railway Company, seeking to recover damages on account of the homicide of her husband. The petition contained three counts. In the first it was alleged, that the plaintiff's husband was an employee of the defendant, and was engaged with other employees in removing its records from one place to another; that the records were loaded in a freight-car which was pulled by a

switch-engine; that the plaintiff's husband was standing on the foot-board of the engine next to the car, and was so known to be by the defendant's agents in charge of the train, and they consented thereto; that he was rightfully at that place; that defendant's employees in charge of the train attempted to make a "flying switch," and in doing so caused a sudden and violent jerk, without any warning to the deceased or knowledge on his part; that he was exercising ordinary care, and was killed by the negligence of the defendant's other employees. The second count alleged that the plaintiff's husband was riding on the defendant's engine, in the discharge of his duties, when he was thrown from it by a sudden jerk and killed. The third count alleged that he was riding as a passenger on one of the defendant's trains, when he was thrown therefrom by a sudden and violent jerk, and was killed. It was sought to recover the full value of his life. On the trial the plaintiff introduced evidence to show that her husband was found beside the railroad track with his arm crushed, his head cut, and suffering from internal injuries, from which he died shortly afterward. The physician who attended him said, "His condition showed that he had been run over by a train or car." Evidence was also introduced tending to show the value of his services and his life expectancy.

Upon the close of the plaintiff's evidence the defendant moved for a nonsuit. The judge announced that he would grant it. Before the order was signed, and after the announcement of the court, counsel for the plaintiff moved to be allowed to introduce an additional witness. To this the presiding judge replied, "I think it comes too late now." Counsel stated in his place that he had bona fide thought he had made out a case; that he had no thought of trifling in any degree with the court; and as the court had held that his view of what was necessary to be introduced in order to make out a prima facie case was erroneous, he requested to be allowed to introduce an additional witness, whom he named. He also stated the facts which he expected to prove by the witness, to the effect that the plaintiff's husband was standing at the proper place for him to stand; that he was acting carefully and prudently, and was free from fault; that the defendant was at fault; that while plaintiff's husband was between the engine and the car the engine was suddenly cut loose, without warning; that it was

done recklessly, suddenly, and wrongfully, and that as a result thereof he was killed; also, that the husband of the plaintiff was ordered by his superior officer to go with the train in question; that the running-board or foot-board on which he was standing was the proper place for him to stand; and that he was in the exercise of all care. The court again said, "I think it is too late, and I will sign the order." During this colloquy, and when counsel for plaintiff first asked to put the witness upon the stand, such witness was present in the court-room and was actually in the witness chair. The court signed the order granting the nonsuit, and the plaintiff excepted.

*Burton Smith* and *Johnson & Little,* for plaintiff.

*John I. Hall, R. C. Jordan,* and *Cranford & Wilcox,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

After the evidence for the plaintiff had been introduced, and her counsel had announced her case closed, a motion was made for a nonsuit, and the court stated that he would grant it. Before the order was signed, counsel for the plaintiff moved the court to allow him to introduce further evidence, stating what it was. The court held that the motion came too late, and thereupon signed the order granting the nonsuit.

1-3. In an early case (*McColgan* v. *McKay,* 25 *Ga.* 631), it was said that "It is almost a matter of course to let in new evidence on a point, to save a nonsuit." This ruling was approved in *Parker* v. *Fulton Loan and Building Association,* 42 *Ga.* 451 (4), 456; and these two cases were cited in *Pitts* v. *Florida Central & Peninsular R. Co.,* 98 *Ga.* 655, 661, 666. In *Cushman* v. *Coleman,* 92 *Ga.* 772 (4), it was said that "It is discretionary with the presiding judge whether he will reopen a case for the reception of more testimony after the plaintiff has closed and a motion for a nonsuit has been made and argued." In that case, after the evidence for the plaintiffs had been closed, a motion for a nonsuit made, and the court had announced his intention to grant it, the plaintiffs asked leave to introduce further evidence to avert the nonsuit. The court inquired of plaintiffs' counsel if they knew of this evidence before they announced closed, and, upon receiving the answer that they did, refused to permit the evidence to be introduced. It was held, that, under the circumstances, the plaintiffs were not entitled,

as matter of right, to introduce the proposed evidence at this stage of the proceedings, and that the court did not abuse his discretion in refusing to allow it to be introduced. No reference was made to the cases above cited. See also *Freyermuth* v. *South Bound R. Co.,* 107 *Ga.* 31; *Brooke* v. *Lowe,* 122 *Ga.* 358; *Davis* v. *Chaplin,* 110 *Ga.* 322; *Bridger* v. *Exchange Bank,* 126 *Ga.* 821, 824. Among these decisions there is no conflict, but, construed together, they are in harmony, and make up a complete rule.

It is common practice for the presiding judge, where counsel for the plaintiff in error has omitted evidence by accident, inadvertence, or even because of a mistake as to the necessity for offering a particular witness or particular evidence, to allow the case to be reopened and additional evidence introduced in order to prevent a nonsuit. But this is not matter of arbitrary right on the part of plaintiff or his counsel. The judge has a considerable discretion in the matter. It may be that counsel for a defendant has dismissed witnesses or changed his position, relying on the judge's announcement, so that it would be unjust to allow a reopening of the case. Or the judge may be of the opinion that counsel are needlessly consuming time and experimenting in the case rather than developing it; or other reasons may influence him, in the exercise of a sound discretion, in refusing a motion to reopen the case and allow additional testimony.

In the present case the presiding judge did not apparently exercise his discretion in denying the motion to allow the case to be reopened and additional evidence for the plaintiff to be introduced, or base such ruling on the facts of the particular case. He seemed to think, that, as matter of law, after he had orally announced that he would grant a nonsuit, it was too late to entertain a motion to permit additional evidence to be introduced. When the motion was first made by counsel, the judge said, "I think it comes too late now." After counsel had stated what he expected to prove, named the witness whom he desired to examine, and stated that he had not intended to trifle with the court, but had made an honest mistake in thinking that the evidence introduced was sufficient to make out a case authorizing a recovery, and had urged his motion to be allowed to introduce further evidence, the judge again said, ";I think it is too late, and I will sign the order." We construe this to mean that the judge did not refuse

the motion as an exercise of discretion, but because he thought it was too late for it to be made. In this he erred. Until he had signed the order granting a nonsuit, he still had control of the case. It was not too late, as matter of law, for a motion to be made to allow the case to be reopened for the introduction of further evidence. He was not precluded, by his oral announcement, from entertaining the motion and passing upon it on its merits.

4. The evidence introduced did not prove the allegations of the plaintiff, or make out a prima facie case under any of the counts in the petition.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*