BEIRNE, APPELLANT, *v.* MODERN NATIONAL RESERVE,
RESPONDENT.

(No. 2,912.)

(Submitted November 21, 1910.   Decided December 7, 1910.)

[111 Pac. 1032.]

*Life Insurance—Mutual Benefit Associations—Evidence—Trial*
*—Reopening Case—Discretion.*

Insurance—Action on Mutual Benefit Certificate—Sufficiency of Evidence.
  1.  In an action on a mutual benefit certificate, where plaintiff
  alleged that insured, at his death, was a member of defendant associa-
  tion, in good standing, and defendant denied such allegations and
  alleged affirmatively that insured had failed to pay or tender his
  monthly dues for certain months, thereby being suspended from mem-
  bership, and plaintiff by reply alleged that the dues for one of such
  months were paid, but admitted that the dues for the other months
  in question were not paid, alleging that tender of such dues was
  made and refused, there was nothing for defendant to do but to re-
  but, if it could, any evidence as to tender, the default in payment
  of dues under the by-laws having resulted, *ipso facto,* in suspension
  of the member, and, where plaintiff rested her case without attempt-
  ing to prove the tender, a nonsuit was properly granted.

Trial—Reception of Evidence—Reopening Case.
  2.  Where, in an action on a benefit certificate, defendant alleged
  failure to pay dues, and plaintiff in reply alleged tender and refusal
  to accept, and plaintiff at the trial rested her case without attempt-
  ing to prove the tender, whereupon defendant moved for a nonsuit,
  the court on plaintiff's motion should have allowed her to reopen her
  case to prove the affirmative matter in the reply.

*Appeal from District Court, Silver Bow County; Jeremiah J.*
*Lynch, Judge.*

ACTION by Jane Beirne against the Modern National Reserve.
Judgment for defendant, and plaintiff appeals.   Reversed and
remanded for a new trial.

In behalf of Appellant, *Messrs. Maury & Templeman,* and *Mr.*
*J. O. Davies,* submitted a brief.   *Mr. Templeman* argued the
cause orally.

*Mr. J. L. Wines,* for Respondent, submitted a brief.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an action on a certificate of insurance issued by the defendant, a mutual benefit association, to James Beirne, plaintiff's husband, upon his life, for her benefit. The issues in the pleadings are made substantially as follows: Plaintiff alleged in her complaint that Beirne at the time of his death was a member of the defendant association or order in good standing, having complied with all the requirements of the articles of association, and the by-laws, and performed all of the agreements and conditions on his part to be performed. Defendant denied this allegation and alleged affirmatively that Beirne had neglected to comply with certain by-laws of the association, in that he had failed to pay his monthly dues for December, 1908, and January, February and March, 1909, and was thereby suspended from membership. The allegation is that he had neither paid nor tendered the dues. By reply, plaintiff denied that the dues for December, 1908, were not paid, and alleged that they were paid. She admitted that the dues for January, February and March, 1909, were not paid, and alleged as a reason therefor that "the defendant association prevented performance on the part of the deceased in those particulars." Then, "in avoidance of the new matter in the answer," she alleged in effect that tender of the dues was made and refused. At the trial the plaintiff rested her case without attempting to prove the tender. Thereupon the defendant made a motion for a nonsuit. The court expressed the opinion that the motion should be granted, whereupon counsel for plaintiff asked leave to prove the affirmative matter set forth in the reply. After argument and without ruling on plaintiff's request, the court granted the nonsuit. The plaintiff then asked leave to reopen her case and make the required proof. The court said: "I think I have no discretion in the matter, and the motion to reopen is denied." Judgment was entered for the defendant, and plaintiff appeals therefrom.

1. It is contended by the appellant that, in an action on a contract of life insurance, it is not necessary for the plaintiff, in the first instance, to prove that the deceased was in good standing

at the time of death. She asserts, through her counsel, that in order to make a *prima facie* case it is only necessary to produce the contract, and prove the death, notice thereof to the insurer, nonpayment of the amount mentioned in the policy, and that plaintiff is the beneficiary. We, however, are unable to decide the question in this case. The plaintiff admitted nonpayment of dues for three months. Under the by-laws this default resulted, *ipso facto*, in suspension of the member. Plaintiff sought to excuse the actual nonpayment by alleging a tender within time and refusal to receive. Under the issues as presented, there was nothing for the defendant to do, save to rebut, if it could, any evidence offered by the plaintiff as to tender. Until such evidence was produced, it might rest. We think the district court ruled correctly on this point.

2. It is urged that the court was in error in deciding that it had no discretion in the matter of allowing plaintiff to reopen her case and offer evidence of tenders made. We think this point is well taken. Such matters are always within the sound legal discretion of a trial court. (1 Thompson on Trials, sec. 343; *State* v. *De Hart,* 38 Mont. 211, 99 Pac. 438; *Dempster* v. *Oregon Short Line R. R. Co.,* 37 Mont. 335, 96 Pac. 717; *Butte Consolidated Mining Co.* v. *Barker,* 35 Mont. 327, 89 Pac. 302, 90 Pac. 177; *Tyler* v. *Healey,* 51 Cal. 191.) The court having held that it had no power to grant plaintiff's request, she was of course precluded from appealing to its discretion. (*Tilton* v. *Beecher,* 59 N. Y. 176, 17 Am. Rep. 337; *Heinlen* v. *Cross,* 63 Cal. 44.)

It is suggested that counsel for the plaintiff was trifling with the court. The record does not so disclose, and we should hesitate to so believe. We are inclined to the opinion that the court should have allowed plaintiff to reopen her case. (See *Roach* v. *Rutter,* 40 Mont. 167, 105 Pac. 555.) No substantial right of the defendant would have been prejudiced by such action. Causes should be tried on the merits whenever it is possible to do so. It is the policy of the law.

The judgment is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.