COOKE TRUST COMPANY, LIMITED, EXECUTOR OF THE LAST WILL AND TESTAMENT OF J. C. HARDY, DECEASED *v.* WEBLEY EDWARDS AND ALOHA BROADCASTING COMPANY, LIMITED, A HAWAIIAN CORPORATION, AND BANK OF HAWAII, BISHOP NATIONAL BANK OF HAWAII AND HAWAII VISITORS BUREAU, GARNISHEES.

No. 4043.

ARGUED JANUARY 8, 1959.          DECIDED APRIL 23, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This is an action for breach of contract dated April 30, 1947. The complaint alleged the breach of a written contract by defendant, Webley Edwards, for failure to purchase from the original plaintiff, J. C. Hardy, 1,750 shares of Class B stock of Aloha Broadcasting Company, Limited. The defendant in his amended pleadings admitted the execution of the contract with Hardy but claimed it was the obligation of the Aloha Broadcasting Company, Limited, basing such claim on another alleged contract, which is not in evidence, wherein it was set forth that the Aloha Broadcasting Company, Limited, was under obligation to purchase such stock. This statement was made in an affidavit of defendant in support of his application for interpleader of the Aloha Broadcasting Company, Limited.

Before the case came to trial Hardy, the original plaintiff, died and the Cooke Trust Company, Limited, Executor of Hardy's will, was substituted as plaintiff.

Trial was before a jury. Plaintiff introduced in evidence the contract between Hardy and Edwards as Exhibit A and an endorsed stock certificate of 1,750 Class B shares of stock of Aloha Broadcasting Company, Limited. Plaintiff then called attention of the court to the admissions and statements in Edwards' pleadings in his affidavit to interplead Aloha Broadcasting Company,

Limited, and thereby rested. Edwards moved for a directed verdict, basing such motion on the absence of evidence of a tender of the stock by Hardy to Edwards. Plaintiff resisted the motion on the ground that the admissions and statements in the pleadings of Edwards obviated the necessity of proof of tender. After argument, the court ruled it would grant the motion for a directed verdict. However, before the court so instructed the jury, plaintiff moved to reopen its case to prove an actual tender of the stock and in support of such motion made an offer of proof to call Edwards to testify that a tender had been made prior to the filing of the suit.

According to the affidavit of interpleader and the bill of particulars filed by the defendant, defendant in 1945 entered into a service-employment agreement with Aloha Broadcasting Company, Limited, whereby he became a shareholder in said corporation upon the express condition that in the event of his separation from said corporation the said corporation agreed to repurchase the shares of stock in the said corporation at the price paid therefor by him, the defendant; that thereafter, the defendant did purchase 2,500 shares of common stock of said corporation for the sum of $25,000, and agreed to purchase 1,750 shares of Class B stock of said corporation for the sum of $18,543 which has not been paid. Defendant further stated he resigned as manager of Aloha Broadcasting Company in June 1948; that Aloha Broadcasting Company repurchased 2,500 shares of common stock owned by said defendant, but has not repurchased the 1,750 shares of Class B stock which is the subject-matter of the suit; that the obligation to repurchase said shares of stock is the obligation of the corporation and not of the defendant.

The bill of particulars recites that from the 13th day of August 1941 to the 16th day of September 1948, James C. Hardy, the original plaintiff herein, was a director of the above mentioned corporation and was an officer thereof, namely, its secretary; that in 1945 the defendant, Webley Edwards, entered into an oral agreement with the officers and directors of Aloha Broadcasting Company, Limited, to become employed as station manager of said corporation, and as an inducement to secure his services, J. C. Hardy offered to sell shares of stock in said corporation to said

Webley Edwards upon the express condition that in the event said Webley Edwards at any time disassociated himself from the Aloha Broadcasting Company, Limited, that he, Edwards, "would resell the stock to the corporation aforesaid and the corporation agreed to repurchase said stock at the price paid for the same by the defendant, Webley Edwards." This bill of particulars further alleges that the Aloha Broadcasting Company did "repurchase" the 2,500 shares of common stock owned by defendant, Webley Edwards, but did not repurchase the 1,750 shares of Class B stock, and the obligation to "repurchase" said stock is in the corporation and not Webley Edwards.

In other words, Webley Edwards claims that he is not obliged to purchase the stock according to his contract with Hardy because the corporation which had agreed to repurchase his stock has indicated it would not repurchase the stock from him, Edwards.

In his pleadings the defendant admits the contract of purchase but claims he was relieved of his obligation to buy the stock because he had another agreement with Aloha Broadcasting Company, Limited, which is not in evidence, to the effect that the corporation would buy his holdings in the corporation when Edwards became disassociated with the company. There is no evidence or allegation in defendant's statements or his pleadings that the contract with plaintiff was ever terminated or rescinded. On the contrary, Edwards' pleading is that the agreement was in force but he claims he was relieved of performance by virtue of his contract with the corporation.

Clearly, the fact that Edwards had a contract with the corporation to repurchase his stock when he ceased to be an employee of the corporation would not compel the original plaintiff herein to perform the contract of the corporation or be liable thereon unless it was specifically agreed that this officer and director would personally be liable on the obligation of the corporation. Further, although it is well settled that admissions in the pleadings of a party are competent and material as admissions of fact and make unnecessary proof of additional facts and all reasonable inferences to be drawn from such facts (*Sasaki* v. *Nakamura,* 26 Haw. 178; *Lalakea* v. *Laupahoehoe Sugar Co.,* 33 Haw. 745), whether the allegations in defendant's pleadings show he intended to refuse to

perform his contract and thus render a tender unnecessary, it is not necessary to decide in this proceeding. Assuming, but not deciding, that proof of tender was necessary, it was error upon the part of the court below to refuse to permit plaintiff to reopen to allow additional evidence showing tender by him.

*Wickham* v. *Torley*, 136 Ga. 598, 71 S. E. 881, 883, 36 L. R. A. (N. S.) 57, is a case very similar to the one before us. The court refused to permit the plaintiff in order to save a nonsuit to put the defendant upon the stand and prove by him certain facts. The court quoted from *Penn* v. *Georgia Southern & Florida Railway Co.*, 129 Ga. 856, 60 S. E. 172, that:

> " 'It is common practice for the presiding judge, where counsel for the plaintiff in error has omitted evidence by accident, inadvertence, or even because of a mistake as to the necessity for offering a particular witness or particular evidence, to allow the case to be reopened and additional evidence introduced in order to prevent a nonsuit. But this is not a matter of arbitrary right on the part of the plaintiff or his counsel. The judge has a considerable discretion in the matter. It may be that counsel for a defendant has dismissed witnesses or changed his position, relying on a judge's announcement, so that it would be unjust to allow a reopening of the case. Or the judge may be of the opinion that counsel are needlessly consuming time and experimenting in the case rather than developing it; or other reasons may influence him, in the exercise of a sound discretion, in refusing a motion to reopen the case and allow additional testimony.' In the present case it appears that counsel for the plaintiff might have well contended in good faith that the evidence for the plaintiff made out a prima facie case. In the present case there appears no reason why it would have been unjust to the defendant to have allowed the plaintiff to reopen the case."

In *Ellenberg* v. *So. Ry. Co.*, 6 Ga. App. 390, 63 S. E. 240, 241, the statement is made that:

> "While a trial judge has some discretion in refusing a request to reopen the case to supply testimony adequate to avoid a nonsuit, yet this discretion should be liberally exercised in behalf

of allowing the whole case to be presented. It is the usual course to allow the additional evidence, and, whenever the trial judge refuses to allow it, some good reason should appear for such exercise of his discretion. The trial of a case is not a mere game for testing the skill and vigilance of contesting lawyers, but is an investigation instituted for the purpose of ascertaining the truth."

See also 53 American Jurisprudence, *Trial,* section 124, page 110; 88 Corpus Juris Secundum, section 104, pages 217-220.

In *Bommer* v. *Stedelin,* 237 S. W. (2d) 225, 229 (Mo. App.), the court, in holding there was an abuse of discretion in not permitting plaintiff to reopen, stated:

"There was no showing of surprise to defendants or of inconvenience to the court, parties, counsel, or jury or that the adverse party would have been deceived or prejudiced in any manner by granting the leave. The ruling on the motion for a directed verdict had not yet been made. The court denied plaintiff the opportunity to offer evidence to prove that defendants owned and operated the parking facility, while at the same time directing a verdict against plaintiff for failure to prove such fact. This constituted an abuse of discretion."

See *Sanders* v. *Ryan,* 112 Ind. App. 470, 41 N. E. (2d) 833, 836, where in discussing the term "discretion" the court quoted from the Supreme Court of the United States in the case of *Langnes* v. *Green,* 282 U. S. 531, 51 S. Ct. 243, 247, 75 L. Ed. 520, 526, as follows:

" 'The term "discretion" denotes the absence of a hard and fast rule. The Styria v. Morgan, 186 U. S. 1, 9, 22 S. Ct. 731, 46 L. Ed. 1027 [1033]. When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.' "

In the present case the plaintiff has met all the tests laid down in the authorities. Obviously he acted in good faith in contending that he had made out a prima facie case. No prejudice would result to the defendant by permitting the reopening. There was no surprise to the defendant, no inconvenience to the court, parties, counsel or jury. The defendant had not changed his position and there appears no reason why it would have been unjust to the defendant to allow the plaintiff to reopen the case. As stated *supra,* the trial of a case is not a mere game for testing the skill and vigilance of contesting lawyers, but an investigation instituted for the purpose of ascertaining the truth. It is not a game of such a nature that when one side catches the runner momentarily off base he is out.

It further appears from the transcript that the court denied the motion to reopen because of his belief that he could not reopen after announcing that he would grant the motion for a directed verdict. At least he was in doubt of his power to reopen and his ruling appears to be on this basis rather than on the exercise of sound discretion upon the facts presented. The court stated "Am I in a position to permit a reopening after I have granted a motion for directed verdict?" Again, "I don't know what I should do, I must confess."

A similar doubt was expressed by the trial judge in an action reviewed in *Penn* v. *Georgia, S. & F. Ry. Co.,* 60 S. E. 172, 173, wherein the statement was made "He [the trial judge] seems to think that as matter of law, after he had orally announced that he would grant a nonsuit, it was too late to entertain a motion to permit additional evidence to be introduced." The trial judge was quoted as saying "I think it is too late; and I will sign the order." The reviewing court said:

> "We construe this to mean that the judge did not refuse the motion as an exercise of discretion, but because he thought it was too late for it to be made. In this he erred. * * * It was not too late as matter of law for a motion to be made to allow the case to be reopened for the introduction of further evidence. He was not precluded, by his oral announcement, from entertaining the motion and passing upon it on its merits."

To the same effect see *Beirne* v. *Modern Nat. Reserve*, 42 Mont. 332, 111 Pac. 1032.

This court has on a number of occasions approved the action of the trial judge in allowing the reopening of a case where plaintiff omitted part of the necessary evidence in his case in chief. (*Ahana* v. *Insurance Co. of North America*, 15 Haw. 636; *Herblay* v. *Norris*, 8 Haw. 335; *The King* v. *Heleliilii*, 5 Haw. 16.)

The jury had not been excused. Edwards was then present in court and the entire day was available for trial. It was an abuse of discretion not to permit the plaintiff to put the defendant on to prove tender had been made.

Reversed.

*Kenneth E. Young* (also on the briefs) for plaintiff-appellant.

*Richard D. Welsh* (also on the brief) for Webley Edwards, respondent-appellee.