### 42896. ZAPPA v. HIGGINS et al.

BELL, Presiding Judge. 1. This is an action by motel operators to recover for rental of rooms to defendant. The evidence on the trial showed that defendant's dwelling had been damaged by fire, that it was insured by Allstate Insurance Company under a homeowner's policy providing coverage for additional living expenses, and that while the dwelling was being repaired defendant engaged rooms at plaintiffs' motel. Defendant sought to establish as a defense that he and plaintiffs had expressly agreed that the bill would be paid by Allstate and that defendant would not be personally responsible. While it is undisputed that upon moving into the motel defendant advised plaintiffs that he had a claim against Allstate under his homeowner's policy for additional living expenses, yet this does not amount to an agreement between the parties that plaintiffs would look solely to Allstate for payment. The evidence discloses there was no express agreement between the parties as to the method of payment. Ordinarily, where one engages rooms at a motel without any specific agreement as to the payment of compensation, there is an implied promise to pay reasonable compensation. Under the circumstances of this case the verdict for plaintiffs was authorized.

2. It was not error to allow plaintiffs to re-open their case after defendant had made a motion for nonsuit. It is generally understood that a party should be allowed to re-open to introduce evidence sufficient to prevent a nonsuit. *Penn v. Ga. Southern &c. R. Co.,* 129 Ga. 856 (60 SE 172); *Walker v. Central of Ga. R. Co.,* 47 Ga. App. 240, 252 (170 SE 258).

3. The enumeration of error relating to the admission of documentary evidence, not having been argued, is treated as abandoned. *Ocmulgee Electric Membership Corp. v. Taylor & Sons, Inc.,* 115 Ga. App. 44 (5) (153 SE2d 666); *Bass v. State,* 115 Ga. App. 461 (3) (154 SE2d 770).

*Judgment affirmed. Pannell and Joslin, JJ., concur.*

SUBMITTED JUNE 12, 1967—DECIDED JUNE 27, 1967.

*Preston L. Holland*, for appellant.

*Mitchell, Clarke, Pate & Anderson, Taylor W. Jones, Harold B. Thompson*, for appellees.