## 49499. NEWMAN et al.v. BOOKER & COMPANY, INC. et al.

Evans, Judge.

This is a personal injury and property damage suit arising out of a collision of motor vehicles at the intersection of Abercrombie Street Extension and White Bluff Road in Savannah, Georgia. Abercrombie Street is a six-lane street divided by median and has a multiple traffic light controlled by an intricate system of traffic flow in the streets. Plaintiff Newman seeks a recovery of damages to his automobile, and his wife, Joan, who was driving the Newman car, seeks damages for personal injury. They sue Booker & Company, Inc., as master, and Filmore Ipock, as driver, and servant.

After the evidence was closed, and on the following day, plaintiffs moved to reopen the evidence for the sole and limited purpose of showing by a traffic engineer witness that it would have been impossible for another defense witness to have observed the left turn signal light from the right side of White Bluff Road at a distance of three cars back from the intersection. The court denied plaintiffs' motion to reopen the case. This is the sole ground of complaint on appeal. *Held:*

1. It is within the discretionary power of the court to allow the case to be reopened after both sides have closed; and to hear additional evidence; and a liberal practice in this respect is most favorable to the ends of justice. *Bigelow v. Young,* 30 Ga. 121 (3); *Orr v. Garabold,* 85 Ga. 373 (11 SE 778); *Georgia R. & Bkg. Co. v. Churchill,* 113 Ga. 12 (3) (38 SE 336); *Ricker v. Brancale,* 113 Ga. App. 477 (2) (148 SE2d 468).

2. The exercise of such discretion under the facts of each case will not be reversed unless it has been abused. *Penn v. Georgia Southern &c. R. Co.,* 129 Ga. 856 (60 SE 172); *Walker v. Central of Ga. R. Co.,* 47 Ga. App. 240 (6) (170 SE 258); *Wickham v. Torley,* 136 Ga. 594 (4), 599 (71 SE 881).

3. This case is entirely different from *Penn v. Georgia Southern &c. R. Co.,* 129 Ga. 856, 859, supra, wherein the court refused to consider the motion and ruled, "it was too late to entertain the motion." In the

case sub judice the court took the motion under advisement, heard from opposing counsel who opposed the motion, and then sustained the objection thereto. Only then did he add the opinion, "I think it comes too late." No abuse of the court's discretion has been shown, nor was it shown that the court refused to consider the motion. The court did not err in sustaining the objection to the motion.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED JULY 8, 1974 — DECIDED SEPTEMBER 20, 1974 — REHEARING DENIED NOVEMBER 5, 1974 —

*Aaron L. Buchsbaum,* for appellants.
*Falligant, Doremus, Karsman, Kent & Toporek, A. Martin Kent,* for appellees.

ON MOTION FOR REHEARING.
While the trial court, *after* refusing to allow the evidence to be reopened, and *after* making his ruling thereon, stated, "I think it comes too late." This does not show a refusal to consider the motion, but simply sets forth one of the reasons that moved the trial judge to exercise his discretion toward refusing to allow plaintiff to open the evidence and offer additional testimony.