57663. COMMUNITY EDUCATION CENTER, INC. v. COHEN et al.

SHULMAN, Judge.

Appellees-landlords brought a dispossessory action against appellant-tenant for nonpayment of rent. The trial court granted plaintiffs-appellees' motion for directed verdict on the grounds that defendant had failed to establish an affirmative defense to plaintiffs' prima facie case. On appeal, we reverse.

1. In granting appellees' motion for directed verdict, the trial court held that defendant's failure to establish the reasonable cost of repairs mandated a verdict for appellees. Appellant asserts as error the court's denial of its motion to reopen the case to present evidence of the cost of repairs. This is well taken.

While it is generally within the court's discretion to

allow a case to be reopened, "[i]n the present case the presiding judge did not apparently exercise his discretion in denying [defendant's] motion to allow the case to be reopened. . . [nor did he] base such ruling on the facts of the particular case." *Penn v. Ga. Southern &c. R. Co.,* 129 Ga. 856, 859 (60 SE 172). Rather, in the case at bar, the court ruled that as defendant had "closed" and not "rested" following the presentation of evidence, defendant could not as a matter of law reopen its case. The court, thus, did not deny defendant's motion to reopen in the exercise of its discretion, but because it erroneously determined that such motion could not properly be granted after defendant had "closed." See, e.g., *Newman v. Booker & Co.,* 133 Ga. App. 209 (1) (210 SE2d 329), holding that "[i]t is within the discretionary power of the court to allow the case to be reopened after both sides have closed; and to hear additional evidence. . ." The court's failure to exercise such discretion therefore constitutes reversible error. *Penn,* supra.

2. Appellant contends that the court erred in allowing plaintiffs to reopen their case upon appellant's motion for a directed verdict. We cannot agree.

In this instance, the court properly exercised its discretion in reopening the case. This being so, appellant was not entitled to judgment in its favor. *Zappa v. Higgins,* 116 Ga. App. 81 (2) (156 SE2d 521); *Ellenberg v. Southern R. Co.,* 5 Ga. App. 389 (2) (63 SE 240).

As we are reversing the judgment for the reasons stated above, we need not consider other grounds for reversal advanced by appellant.

*Judgment reversed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED APRIL 11, 1979 — DECIDED SEPTEMBER 4, 1979.

*B. T. Edmonds,* for appellant.
*Clayton Jones, Jr.,* for appellees.